## B. R. ESKRIDGE VS. S. B. ESKRIDGE.

1. CHANCERY PRACTICE: *Waste. Injunction.*

Relief to restrain waste is usually granted at the suit of the remainder man or reversioner, against the tenant who is guilty of acts of permanent injury to the freehold. It is essential that the party who commits waste should be in the rightful possession. If there be any dispute as to the title, the equitable remedy will not lie. An injunction will not lie when the defendant is in possession by an adverse title.

2. SAME: SAME: SAME.

Equity will interfere to restrain very serious and injurious trespasses, which are not mere ousters or temporary trespasses, but which are attended with permanent results. But the title upon which this invasion is made must be either admitted or proved at law.

3. SAME:  *Parol evidence.  Case in judgment.*

The redress sought by the crossbill, is to construe the deed in the light of the parol testimony, and to give it effect, not according to the ordinary import of its language, but to contradict it by parol testimony, which cannot be done.  So long as a deed remains unreformed, it is the exclusive evidence of the contract between the parties.  The complainant in the crossbill in the case at bar should have alleged that the deed was executed by accident or mistake, and included land not intended or agreed to be conveyed, and prayed it be reformed so as to correspond to the contract actually made.

APPEAL from the Chancery Court of *Montgomerg* County.

Hon. D. P. COFFEY, Chancellor.

The appellant claimed title to the land on which the alleged waste was committed, under a deed made by appellee on the 7th of April, 1866, by which appellee conveyed to appellant all the right, title and interest that he had in the real and personal estate of T. Eskridge, deceased.  The bill, after stating the possession of appellant under said deed, states that the appellee had entered and is now cutting down, injuring and destroying trees, and using the timber thereon, and building a house or houses thereon, under a pretended claim.  The bill then charges that appellee is a naked trespasser, and will greatly injure appellant unless restrained, and prays for injunction.

The answer denies that appellant purchased of appellee his entire interest in the estate of T. Eskridge, but states that the real estate intended to be conveyed by the deed was appellee's interest in 302 acres named in the answer, denies that any of the land mentioned in the bill was conveyed or intended to be conveyed by the deed, and was made a crossbill; and prayed a removal of clouds, etc., and that the conveyance be construed to have the effect claimed for it, and for general relief, etc.

The following are the assignments of error :

1. The court erred in dismissing the original bill.

2. The court erred in making a decree on the crossbill.

3. The court erred in decreeing a removal of clouds, and in ordering a writ of possession.

4. The court erred in excluding the evidence offered by appellants.

*Harris & George*, for appellants:

Cited the following authorities: Herndon *v.* Henderson, 41 Miss., 584; Cooke *v.* Bailey, 42 id., 81; Kerr *v.* Kuykendall, 44 id., 137; Wren *v.* Hoffman, 41 Miss., 616; Pool *v.* Myers, 13 S. & M., 466; Ellis *v.* Kelly, 33 Miss., 695; Chichester *v.* Oxenden, 3 Taunt., 147; Stone *v.* Greening, 13 Sim., 390; Westlake *v.* Westlake, 4 Barn. & Ald., 57.

*D. A. Holman*, on the same side:

Cited and commented on the following: 2 Jar. on Wills (Per. notes), 525, 552; Redf. on Law of Wills, 431-2-3; 36 Miss., 473; 40 id., 729; 43 id., 473; Redf., 579; 11 How. (U. S.), 357; Jar. on Wills, vol. 2, p. 525; Hawk. on Wills, 159; 10 S. & M., 466; 7 id., 663; Jar. on Wills, 522.

*H. W. Williamson*, for appellee:

Cited the following authorities: Gilliam *v.* Chancellor, 43 Miss., 452-3; Mann *v.* Mann, 1 Johns. Ch., 231; Magee *v.* McNeil et ux., 41 Miss., 17; Gilliam *v.* Brown, 43 id., 641; 1 Greenl. Ev. (7th ed.), §§ 286-7-8-9; 1 Jar. on Wills, 353, top pp. 343, 344; Carmichael *v.* Foley, 1 How., 591; 2 Starkie Ev., 557-8 and 561.

*W. R. Barksdale*, on the same side;

The remedy at law is ample, and a court of equity should not interfere. High on Inj., §§ 459-60-61. The court in reversing case will enter the judgment which the court below should have entered, to wit: will dismiss the complainant's bill. Code, 1871, § 413; Adams Eq., 208.

SIMRALL, J., delivered the opinion of the court.

The complainant, B. R. Eskridge, claims to be the owner of certain parcels of land described in his bill, by purchase from S. B. Eskridge, in April 1866. The deed purports to convey the interest of the vendor in the estate of T. Eskridge, deceased.

In 1872 these lands were divided under a decree of the chance-

ry court, among the heirs of the deceased, when share No. 6 was allotted to S. B. Eskridge. In November, 1873, S. B. Eskridge entered upon the lands, and commenced an improvement, by cutting down the forest, building houses, etc. The complainant insists that he acquired title to these lands by his purchase aforesaid, and that the acts of S. B. Eskridge are "naked" trespass, and highly injurious to him. The relief prayed was an injunction, restraining the defendant from further trespass and from further interference with the land.

The answer of S. B. Eskridge denies the sale and conveyance to the complainant of the lands claimed in his bill, or an intention to convey them, but that the descriptive words in the deed referred to other lands, which are designated in the answer.

The defendant made his answer a cross-bill, and states these facts: That Talliferro Eskridge died in 1862, leaving a large real and personal estate, most of which was devised to him by his grandfather. That aside from the property, real and personal, derived from his grandfather, the said Talliferro owned a small estate in lands and personalty, which estates were for several years undivided, and were distinguished and known as the estates of Richard E. and Talliferro Eskridge. That the defendant only conveyed by his deed to the complainant the small amount of realty owned by Talliferro in his lifetime, and not any interest which he had or might have in the lands that originally belonged to Richard, the testator and devisor, which was well known by the complainant, and so understood by the parties. That the complainant never set up any claim to the lands mentioned in the bill until 1871, and defendant never heard of any until 1873. That the claim of complainant is fraudulent and casts a cloud over defendant's title. The special prayer is, that the cloud or suspicion be removed; that the conveyance be construed to have the effect claimed for it, and also for general relief.

The words in the deed descriptive of the subject are "all the right and title S. B. Eskridge has in and to the real and personal property of T. Eskridge, deceased." The consideration was $325.

The question really sought to be brought into litigation is, What is the legal effect of the deed as respects the lands? Does it pass all the lands of which T. Eskridge died seized, and which descended to the defendant (which would be one-eighth), or does it include only that interest in the small quantity of land upon which T. Eskridge lived, and which was not derived by devise from Richard Eskridge? The defendant alleges in his answer and cross-bill that he sold and conveyed only his interest in the latter lands, and therefore as one of the heirs of T. Eskridge, deceased, he had a right to enter upon and improve the share of those lands which had been assigned to him on the partition.

It seems unnecessary to remark that the bill for injunction to stay waste or trespass is not the appropriate form of a bill to bring that question into controversy. Relief to restrain waste is usually granted at the suit of the remainder man, or reversioner, against the tenant who is guilty of acts of permanent injury to the freehold. Smith v. Poyas, 2 Dessaus., 65; Livingston v. Reynolds, 26 Wend., 115. It is essential therefore, that the party who commits waste should be in the rightful possession. If there be any dispute as to the title, the equitable remedy will not lie. Bogey v. Shute, 4 Jones' Eq., 174.

It has been expressly held in this state that an injunction will not lie when the defendant is in possession by an adverse title. Nevitt v. Gillespie, 1 How., 112; Walker, 177.

There is a jurisdiction in equity to restrain very serious and injurious trespasses, which are not mere ousters or temporary trespasses, but which are attended with permanent results, such as pulling down a house, felling timber, etc. But the title upon which this invasion is made must be either admitted or proved at law. Adams Eq., 414–15, top page and notes.

The bill manifestly does not state a case of waste, but is more appropriately classed as a bill for relief against injurious trespasses. But the title of the complainant is denied, the defendant claiming to be the owner of the premises, and setting forth the origin and nature of his right.

It may be conceded that the deed under which the complainant claims, conveys to him the interest of S. B. Eskridge in the lands of which T. Eskridge died siezed, and includes the parcel in controversy, but the testimony tends strongly to show that S. B. Eskridge intended to sell, and the complainant to buy his interest in certain parcels of land which he derived by inheritence from T. Eskridge, other and different from the lands which were devised by Richard to Talliferro Eskridge.

If the sross-bill had sought a reformation of the deed, so as to make it embrace only the lands which were actually sold, we are not prepared to say that S. B. Eskridge has not established by testimony, a title to that relief. Instead of standing upon that ground, he takes up the untenable position that his deed only conveys his interest in the lands derived through T. Eskridge other and distinct from the lands which were devised to him by Richard.

To admit evidence to give that limited effect to the deed, would be to contradict it by parol. The redress sought by the cross-bill is to construe the deed in the light of the parol testimony, and to give it effect, not according to the ordinary and natural import of its language ; but the parol testimony contradicts it; that cannot be done. So long as the deed remains unreformed, it is the exclusive evidence of the contract between the parties. Dunbar *v.* Newman, 46 Miss., 234–5–6; Kerr *v.* Kuykendall, 44 id., 145. The complainant in the cross-bill ought to have pursued the course pointed out in Dunbar *v.* Newman, *supra*, viz : that the deed as executed, by accident or mistake, included land not intended or agreed to be conveyed, and have prayed that it should be reformed, so as to be in agreement with the contract actually made.

The appellant, B. R. Eskridge, may have a legal title to the lands upon which the appellee, S. B. Eskridge, entered and did the acts characterized as trespasses. The defendant, by his pleadings and proofs, shows that he entered, cut the trees and built the houses, under claim of right. He may be mistaken in the pre-

tension that his deed does not embrace these premises, but whilst failing in that, it is disclosed that he has, perhaps, an equitable title or right to have his deed so modified as to exclude from it these lands.

It results from these views that the decree ought to be reversed, the original and cross-bill be dismissed, but without prejudice to either party.