## Auguste Campe *v.* Marguerite Renandine.

1. Ejectment. *Description of property. Defect in declaration covered by plea.*
   R. brought an action of ejectment against C. to recover certain land, the description of the southern boundary of which, as set out in the declaration, was defective. C. in his plea denied possession of the land except a six-foot strip running between parallel lines from the eastern boundary, in describing which he furnished an accurate description of the southern boundary of the land sued for by the plaintiff. On the trial R. introduced a deed from C. to R., in which the land is described precisely as in the declaration. *Held,* that C. by his plea admitted possession of a part of the land described in the declaration, and R., having shown by her deed title to all the land described in the declaration, was entitled to recover, the defect in her description of the southern boundary having been fully cured by the description thereof in C.'s plea.

2. Same. *Deed. Parol agreement to vary.*
   In an action of ejectment the legal effect of a deed cannot be limited by showing that a certain part of the land conveyed therein was reserved to the vendor by a contemporaneous parol agreement.

Appeal from the Circuit Court of Hancock County.

Hon. S. H. Terral, Judge.

Marguerite Renandine brought this action of ejectment against Auguste Campe. The plaintiff in her declaration demands posses-

sion of a certain tract of land described as follows : " Beginning at a stake or post on the beach, at the southeast corner of Sebastian Guardia's land, thence running on a course north forty-five degrees west to the N., O. M. and T. R. R., thence on a course south on the line of the said railroad land, about one hundred and eighty (180) feet more or less, thence on a course south forty-five degrees east to the western bank of Bay St. Louis, and thence along the bank of Bay St. Louis one hundred and eighty (180) feet more or less, to the place of beginning, and bounded on the north by the land of Sebastian Guardia, on the west by the land of the N. O., M. and T. R. R., on the south by the lands of the present vendor, Auguste Campe, and on the east by the Bay St. Louis, it being the lot of land lying south of Sebastian Guardia's land, and being same property which was acquired by said Campe by purchase from B. L. Twitchell and wife on November 30, 1883."

The defendant pleaded "that he is not guilty of unlawfully withholding the possession of the following part of the land described in the plaintiff's declaration, viz. : a piece of said land fronting on the Bay of St. Louis, which is the eastern boundary of said lot of land, and which runs back on a course north forty-five degrees west along the southern boundary line of land described in plaintiff's declaration, four hundred feet to a stake on the Sebastian Guardia back line, and having a front of six feet on the Bay of St. Louis, and said lot of land is bounded on the north by a fence dividing the land of plaintiff and the lot of land of defendant." Defendant defends his title and possession to this six-foot strip, which he asserts is described in plaintiff's declaration and claimed by plaintiff.

The character and effect of the evidence adduced by the plaintiff are stated in the opinion of the court.

On the trial defendant offered evidence which tended to show that defendant was the owner of two adjoining lots, one of which he purchased from one Twitchell; that after purchasing the lot from Twitchell he removed the fence between the two lots about six feet on the Twitchell lot; that he afterward sold the Twitchell lot to plaintiff, who came upon the land, and had the lot pointed out to

her as bounded by the new fence; that defendant positively refused to sell the lot as it formerly stood, but only sold it from fence to fence ; that after the deed was made defendant refused to sign and acknowledge it upon the ground that he did not know whether the measure between the fences was one hundred and eighty feet, and that he afterward consented to acknowledge the deed to plaintiff in evidence because the agent of plaintiff to whom defendant sold said that he only wanted the deed to take back to plaintiff, and that if Campe would sign it, he, the agent, Forster, would have a survey and new deed, made on his return. The court excluded all this evidence, and instructed the jury to find for the plaintiff. The defendant appealed.

*Posey & Bowers,* for the appellant.

1. This was a mere dispute as to boundary—the dividing line between adjoining lots.

Parol evidence is always admissible to prove the question of boundary. See *McCaleb* v. *Pradat,* 3 Cush. 257 ; *May* v. *Baskin,* 12 S. & M. 428 ; *Surgett* v. *Little,* 5 S. & M. 329 ; *Carmichael* v. *Foley,* 1 How. 591 ; *Hazlip* v. *Noland,* 6 S. & M. 294 ; *Whitworth* v. *Harris,* 40 Miss. 483.

2. Numerous decisions have settled it beyond controversy that the description of land in deeds as being so many acres, or so many feet " more or less," does not bind the grantor or the grantee to any particular quantity, but that they mean only an approximation to the quantity so described. In such case the vendor and vendee take mutual risks as to the quantity. If it turns out to be " more " than the quantity described the vendee gets the benefit of it, and if " less " he must bear the loss.

The authorities upon this point are too numerous for citation, and we will cite only a few. See *Philips* v. *Tarfley,* 2 Cushman 597 ; 1 Parsons on Contracts, 7th ed., 493 ; *Noble* v. *Googins,* 99 Mass. 231 ; 4 Kent Com. (12th ed.) 466–67 ; *Noble* v. *Googins,* 99 Mass. 231, and numerous cases therein cited ; also *Harrison* v. *Talbot,* 2 Dana (Ky.) 258, and cases cited ; 5 Cent. Law Journal 22, 23, and cases cited ; 4 Cent. Law Journal 310 and 332. We could easily cite dozens more of similar decisions, but the question is settled.

The appellee claims that she is entitled to "one hundred and eighty feet (front) more or less," and that she got six feet less, being only one-thirtieth less, a fraction over three per cent. less than she claims; so she gets one hundred and seventy-four feet when she claims that she is entitled to one hundred and eighty feet.

3. The court having excluded all the evidence of defendant, there was no evidence at all as to the *locus in quo,* the land in controversy, except the deeds describing it. There was absolutely no evidence that the deed of defendant to plaintiff embraced this disputed boundary, a strip of six feet, no evidence that plaintiff's lot as sued for in this case did not contain one hundred and eighty feet, or all she was entitled to under the deed. The instruction conclusively assumed as a fact that of which there was no evidence at all. There had been before the jury abundant evidence upon this point, but the court had excluded all of it, and with nothing before the jury but the deeds, all describing the land in the same language, the court took the case from the jury and rendered the verdict by the court for the jury.

*Ben Lane Posey,* of counsel for the appellant, argued the case orally.

*W. P. & J. B. Harris,* for the appellee.

We differ from learned counsel for the appellant in his view of this case. It was not a question of disputed boundary at all, but it was a direct attempt by the grantor to vary the *terms* of his deed by parol evidence. The deed called for one hundred and eighty feet and his attempt was to show that by a contemporaneous verbal agreement he only intended to convey one hundred and seventy-four feet. Another deed states that it was the same land conveyed by Twitchell to Campe.

The plea of the defendant admits that the strip of land in controversy was embraced in the terms of the deed. Counsel admit it in their brief, and the defendant himself admits it in his testimony. And his attempt was to show that, while by the terms of his deed he did convey one hundred and eighty feet, he had a parol agreement that the one hundred and eighty feet meant one hundred and seventy-four feet, or that there was a verbal agreement that a

subsequent deed was to be made with a different description. This case is a complete illustration of the rule and distinction laid down by this court in *Cocke* v. *Blackbourne*, 57 Miss. 689, and *Cocke* v. *Blackbourne*, 58 Miss. 537.

*J. B. Harris*, for the appellee, argued the case orally.

COOPER, C. J., delivered the opinion of the court.

There is no error in the record. The plea of the appellant admits title in the plaintiff to all the land described in the declaration save that specially described in the plea, and denies that he is or was at the institution of the suit in possession thereof. As to a strip six feet wide, fronting on the bay and running back between parallel lines, he admits his possession and denies the title of the plaintiff. This is an admission that he is in possession of a strip six feet wide of the land described in the declaration, and the sole question for decision was whether plaintiff had title to this land.

The evidence of the plaintiff consisted of three deeds, one from the defendant to one Twitchell, one from Twitchell reconveying the land to defendant, and one from defendant conveying the land to her. The description of the lands in each of these deeds is precisely the description by which the land is demanded in the declaration, and the defendant, by his plea having set out by metes and bounds a part of this land and admitted his possession thereof, has fixed the only uncertain boundary of the *locus in quo*. By her declaration the plaintiff demanded and by her deeds showed right to a certain tract of land, the eastern, western, and northern boundaries of which are described by reference to known, visible objects; the southern boundary is described in effect as being one hundred and eighty feet, " more or less," south of the northern boundary. Just where this southern line is located would have been a fact for the determination of the jury on a plea of not guilty by the defendant. But by his special plea he asserted that the plaintiff was in possession of all the land described in her declaration except the part particularly described in the plea, and by this description the defendant himself fixed the southern line of the land demanded. The parol evidence offered by the defendant was produced by him

for two purposes—one to show the location of the southern boundary line of plaintiff's land, the other to establish the fact that the execution of the deed was procured by the fraud of Foster, the purchaser. As we have said, the first inquiry was unnecessary, since the boundary had been fixed by the pleading of the defendant, and accepted as defined by the plaintiff; it was properly excluded when considered in the second aspect, as it did not prove or tend to prove that the execution of the deed had been fraudulently procured. By all the oral testimony it is shown that the deed was read to the defendant and its contents understood. It is not pretended that there is in it one word which was not understood as being in it, nor that anything is omitted that the defendant understood to be expressed. It is exactly the deed which the defendant understood he was executing, and by it he conveyed all the lot formerly deeded to Twitchell and re-conveyed by him to the defendant. The effort now is to show that by a contemporaneous verbal contract there was a reservation of so much of the Twitchell lot as had been cut off by the fence erected by the defendant. Whether it is possible under such circumstances to procure a reformation of the conveyance in chancery we do not decide; certainly the legal effect of the deed cannot be limited in this action by parol evidence.

*The judgment is affirmed.*