D. ROSENBAUM SONS *v.* BLACKWELL.

[70 South. 548.]

ESTOPPEL. *Equitable estoppel. What constitutes.*

When a daughter made a deed to her father and mother to a homestead upon which she and her husband were living at the time but her husband did not join in the deed, such deed was void, and when the father afterwards purchased some mules and to secure the purchase price gave a trust deed on such land, and the same was sold out under such trust deed, the daughter who had done nothing to estop herself could claim the land from the purchaser at such trust sale.

APPEAL from the chancery court of Lauderdale county. HON. SAM WHITMAN, JR., Chancellor.

Bill by Mrs. Amanda P. Blackwell against D. Rosenbaum Sons. From a decree for complainants, defendants appealed.

Appellants sold Mitcham and wife, the father and mother of appellee, some mules, and as additional secur-

ity for the purchase price took a deed of trust from the Mitchams on forty acres of land owned by appellee, who did not join in the execution of the deed of trust. The debt for the purchase price not being paid, appellants took back the mules and foreclosed the deed of trust on the land in the chancery court, appellee not being made a party to the proceedings.' A commissioner was appointed by the chancery court to make the sale, and appellants purchased the land at the sale. Thereafter appellee filed a bill to cancel appellants' claim of title as a cloud upon her title to the property, and the chancellor granted the relief prayed.

*Easterling & Bailey,* for appellants.

The operation of the rule of equitable estoppel has been declared in this state under many conditions, a few of which we offer as follows, to wit:

"A female infant, nineteen years of age, knowing her rights, conveyed land to her father, for the purpose of enabling him to borrow money by giving a mortgage thereon to one who was ignorant of her minority. The money was loaned, and subsequently, the lender being still ignorant of her minority, the father conveyed the land to pay the debt. The infant, arriving at full age, brought ejectment. Held, that a court of equity would restrain her from asserting her legal title and thus perpetrating a fraud." *Ferguson* v. *Bobo,* 54 Miss. 121.

In that case, our court even went so far as to prohibit a minor from asserting her title, after causing injury to an innocent dealer therein.

"If a mortgage creditor conceals his incumbrance and wilfully contributes to giving the mortgagor a false credit, though not in fact intending to wrong others, he will be estopped from setting up any advantage under the mortgage as against those who have been induced by appearances to extend the mortgagor credit." *Hilliard* v. *Cagle,* 46 Miss. 309.

"Though ordinarily a freehold estate in land cannot be transmitted by parol, yet the owner may so act with reference to it that he will be estopped to assert his title. This doctrine applies without reference to the statute of frauds." *Vicksburg, etc., R. Co.* v. *Ragsdale,* 54 Miss. 200.

"When an adult married woman permits her husband in her presence to mortgage her separate personal property, and remains silent as to her claim, while the mortgagee upon the faith of the uncontradicted statements of the husband that the property is his, takes the mortgage and furnishes them supplies, she is estopped, as against such mortgagee, to claim it." *Levy* v. *Gray,* 56 Miss. 318; *Richardson* v. *Toliver,* 71 Miss. 966, 16 So. 213.

"A purchaser of personal property from a mortgagor is not affected with notice of the mortgage, though it be recorded, if he has no actual notice, and the mortgagee, by his acts or declarations induces him to believe that he has no lien on the property." *Evans* v. *Fortsall,* 58 Miss. 30; See also, *Wynne* v. *Mason,* 72 Miss. 424, 18 So. 422.

"Registry laws cannot be invoked to shield actual fraud, hence, the holder of a recorded title to land may, by his conduct, inconsistent therewith, be estopped to assert it against one who has been misled by him to his prejudice. "*Wynne* v. *Mason,* 72 Miss. 424, 18 So. 422; See, also, *Evans* v. *Fortsall,* 58 Miss.

Clothing another with apparent title or authority;

"One who has received a conveyance of land which reserves an express lien for the purchase money, and who believing that the legal title is still in his grantor, procures another to buy the land and has the grantor to make to such other a conveyance, is estopped thereafter to set up his title against the claim of title thus acquired." *Money* v. *Ricketts,* 62 Miss. 209.

Now as to the proposition that she, appellee, was not estopped because she did not understand her legal rights, we submit that in each and every case which counsel for

appellee may submit in support of such a proposition is where the party or person acts or fails to act because of his ignorance of any right which he has in the prop· erty being dealt with, such as this court reviewed in the case of *Thomas* v. *Romano,* reported in 82 Miss. 256, 33 So. 969, which is a case based upon facts, substantially as follows, as gathered from the syllabus, to wit:

"Defendant and her two minor children, all non-resi-dents, were tenants in common of land which was sold for taxes, a third party buying at the sale, and afterwards obtained a decree confirming his title. Later defend-ant visited the land, saw the third party's attorneys, and was informed that her one-third interest was lost. Need-ing money for her children's support, she authorized a real estate agent to sell the land, and a bill was filed for that purpose by her as guardian, the third party's attor-neys acting for her. The agent induced complainant to buy at the sale for one thousand dollars, and complain-ant paid the third party three hundred and three dol-lars, and paid six hundred and sixty-six dollars in the court for the minors. Defendant was an ignorant woman, the third party's tax title was in fact void, and the decree confirming it was later set aside. Held, that de-fendant was not estopped to claim her third interest in the land."

Another case wherein our court held that there was no estoppel is the case of the *Scottish-American Mortg. Co., Limited, et al.* v. *Bunckley et al.*, 88 Miss. 641, 41 So. 502, wherein Mr. Justice Campbell, Special Judge, said, in part, at top of page 503, of second column, as follows, to wit:

"The question is; Is he estopped by his silence? The truth is he did not know that he had any interest in the land. As stated by counsel for the mortgage company, "It was not considered in the family at that time, nor until after 1893, that the children of Nathan had any interest whatever in the property in controversy," etc., citing authorities.

The cases which so hold, are cases wherein the person against whom the estoppel would have operated was absolutely ignorant of his rights or had no rights at the time of the transaction, such as was the case in the above mortgage case, except in that case both conditions were true.

In the instant case, appellee's contention is that she had never sold the land in question and owned it all the time since 1898. She does not show that there was anything of record to show who owned the land, as she admits that for some reason her patent had never been delivered, although it is conceded that she was entitled to one. The court will, I assume, take judicial notice of the fact that final receipts are not placed of record.

*Williams & Martin,* for appellee.

In the case of *Scottish-American Mortgage Co.* v. *Albert N. Bunckley et al.,* 88 Miss. 641, the rule applicable to the case at bar, is laid down as follows: "Where one person executed a mortgage on lands, and thereby secured a loan in the presence and to the knowledge of another, the mortgagee cannot predicate an estoppel to claim the land by the mere silence of that other. (a) If he were ignorant of his rights at the time he failed to speak; or (b) If his title were duly of record; or (c) If the mortgage did not rely upon what he said or did or left undone." The presence of any one of these conditions precludes an estoppel by conduct.

Let us apply this rule to the case at bar, bearing in mind that the defendants set up estoppel and the burden of providing each necessary element of estoppel is upon them. In the testimony of W. A. McDonald, a witness for the defendants, on page 66 of the record, under cross-examination, it appears that on one rainy day he was talking to Mr. and Mrs. Mitchem and Mrs. Blackwell at their home, and they told him the land was Mr. Mitchem's, and showed him, witness, the deed. The same

witness on pages 61 and 62 of the record proved that the complainant was an ignorant woman, having no eduration, except an ability to read and write. And so we submit, the defendants have proven that the complainant was ignorant of her rights of the land at the time the Rosenbaum Deed of trust was executed, and hence, under this rule, she is not estopped by her silence, in now claiming her forty acres. This is the affirmative proof the defendants made as to the complainant's knowledge of her rights in the land at the time of the Rosenbaum Deed of trust. But, if this is not sufficient to prove her lack of knowledge, the defendants in meeting the burden of proving estoppel against complainant, have utterly failed to show that she did not know the deed to her homestead without the signature of her husband, was a void thing.

As to subdivision (b), "If his title were duly of record" are we precluded here? No. On page 88 of the record, Mr. Mose Rosenbaum, one of the defendants, in response to cross interrogatory, said he made no effort to find out in whom the title to the land rested on which he took his deed of trust, and that he did not examine the records of the county to find out if the title was in Mitchem. So far as he knew, when he took his deed of trust the county records may have shown the title to have been in Mrs. Blackwell.

Subdivision (c) Did defendants rely upon anything complainant said or did, or left unsaid or left undone? They did not. Mr. Mose Rosenbaum at page 90 of the record, testified as follows: "Q. Was Mrs. Blackwell anywhere around when the trade between you and Mr. Mitchem was made? A. No, I don't think she was. Q. Did you know Mrs. Blackwell at all? A. I may have seen her—I don't know as I do."

Then what was it the defendants relied upon, that the complainant said or did, or did not say; or did not do when they took their deed of trust on the land in question?

The defendants sold the live stock and some other property to Mitchem, took a deed of trust back on it for the

purchase price, added the land as an extra precaution, taking the chances on the title being in the Mitchems, and expecting the debt to be paid.

Under this record the chancellor could not have found other than he did. There was no other result that could have been reached.

And so we respectfully submit that the case should be affirmed by this honorable court.

*E. B. Williams,* for appellee.

The deed signed by Amanda P. Blackwell and not signed by her husband, purporting to convey her little forty-acre homestead to I. W. P. Mitchem and his wife, whether it was actually delivered or not, was a nullity and conveyed no estate at all. Nor does it convey anything, even if afterwards the Blackwell husband and wife were divorced by a formal decree of a competent court having full jurisdiction.

Let us see if the appellee, Mrs. Blackwell, is estopped by her conduct towards these appellants from asserting her title to her pitiful little forty-acre homestead.

For rules of estoppel that might be applicable in a case like the one at bar, see *Scottish-American Mortgage Co.* v. *Albert N. Bunckley et al.*, 88 Miss. 641; see, also, *Yazoo Lbr. Co.* v. *Alice B. Clark et al.*, 95 Miss. 244, Both of which are equity cases. Keep in mind that estoppel was set up as affirmative matter by the appellants in their cross-bill in the case at bar, and hence the burden of proof is on them. The appellants prove by the witness McDonald that appellee did not know what her rights were after she had signed the deed to her father and mother, she thought she had conveyed the title homestead to them. Appellee herself testifies that she did not see the deed of trust given by the Mitchems to Rosenbaum, which was the cause of this law suit, and McDonald says she was not present when the mules were bought and was not present when the deed of trust was executed.

Mose Rosenbaum testified that as far as he knew he was not acquainted with Mrs. Blackwell. He did not sell her any mules. He testified also that he did not examine the records of Lauderdale County, to find out where the title to the forty acres rested. Mrs. Blackwell neither said nor did anything, nor did she omit to do or say anything that induced Rosenbaum to sell to Mitchem the mules that started this row; Rosenbaum did not know she was in existence, she was not considered one way or the other in the transaction. Her credit was not an element in the trade, nor whether she worked as a share cropper or a field hand, or lived in the house with her father and mother, or lived in a tent under a pine tree, did not work an estoppel against her—her family relationship does not affect this case one way or the other, so far as estoppel goes, because the Rosenbaums did not know that Mrs. Blackwell lived on the face of the earth. So we insist, the appellants have shown no one of the things that would estop us from setting up our title against them.

STEVENS, J., delivered the opinion of the court.

This action was instituted by appellee as complainant in the court below. Appellee seeks to cancel a commissioner's deed executed by a special commissioner of the chancery court to appellants in pursuance of a decree granted appellants in a case foreclosing a certain deed of trust held by them against I. W. P. Mitchem and wife, father and mother of appellee. The Mitchems executed a trust deed to appellants on forty acres of land in Lauderdale county, claimed and herein sued for by appellee. On foreclosure of this trust deed in chancery, appellants bought in the land. Appellee was not a party to the foreclosure suit, and now questions the title of appellants.

The point relied upon by appellants is the averment and contention that appellee is estopped to deny the validity of appellants' trust deed and their title claimed there-

under. At the time this trust deed was executed, appellee was the owner of the land in question, and she, her father, and her mother were living together on this land and in the same house. It is contended she knew the trust deed was being given by Mitcham and made no objection. The record shows that some four years prior to the execution of the trust deed, appellee had signed and acknowledged a deed conveying this land to her father and mother. But appellee contends: First that this deed was never delivered; and, secondly, even though delivered, the deed was void because of the non-joinder of the husband. The chancellor held that the deed had been delivered, but was void because the land at that time was the exempt homestead of Mr. and Mrs. Blackwell, and the husband did not join in the conveyance. It is practically conceded by appellants that this holding of the chancellor was unquestionably correct. At the time the trust deed was executed, however, the land no longer constituted the exempt homestead of appellee.

The testimony of Mose Rosenbaum, a member of appellants' firm, is conclusive against appellants on the question of estoppel. It is shown that there were no conveyances of record reflecting the ownership of this land; that appellants admit they made no effort to find out in whom the title stood; that Mr. Mitcham represented that it was his land, and they relied upon his statement; that they did not examine the records of the county or make any other investigation to ascertain who the real owner was; that Mrs. Blackwell was not present when the trade with Mitcham was made; that appellants had no knowledge of the void deed executed to Mr. and Mrs. Mitcham; and that appellants had no dealings with appellee whatever. They, therefore, in no wise relied upon anything that appellee did or failed to do. Our court has uniformly drawn a distinction between mere silence and active encouragement. So far as appellants knew, Mr. Mitcham had not been invested by appellee with any *indicia* of ownership. Appellee did not request Mr.

Mitcham to buy the mules. For all the evidence reflects, Mitcham would have traded with and given appellants the trust deed, regardless of the wishes or even existence of appellee.

*Affirmed.*