DAVIS v. BUTLER *et al.*

[91 South. 279. No. 22254.]

1. VENDOR AND PURCHASER. *Timber upon land at time of sale is part of realty, and subject to vendor's lien.*

Timber growing upon the land at the time of sale is a part of the realty, and a vendor's lien, reserved in the deed to secure the balance of purchase money, is upon the growing timber as well as the land.

2. EVIDENCE. *Parol evidence inadmissible to show agreement contradicting recital of vendor's lien in deed.*

Where a vendor's lien is reserved in a deed, evidence is inadmissible to show a parol, previous, or contemporaneous agreement between the parties to contradict the recital of the vendor's lien.

3. ESTOPPEL. *Operates only in favor of one relying upon the act, representation, or silence of another.*

Estoppel operates only in favor of one who, in reliance upon the act, representation, or silence of another, so changes his situation as that injury would result if the truth were shown.

4. VENDOR AND PURCHASER. *Third party purchasing timber held charged with notice of vendor's lien.*

Where a deed is of record in which a vendor's lien is reserved upon growing timber to secure a balance of purchase money, and the vendee subsequently sells the growing timber to a third party, this party is charged with notice of the vendor's lien.

5. ESTOPPEL. *Vendor held not estopped from asserting vendor's lien.*

Where a holder of a vendor's lien on timber understands that the vendee expects to sell the timber to another party so that the other party can cut and remove it, and after the purchase of the timber by this party he tells him he is glad to know he has bought the timber, and later on asks him about the details of his purchase, and does nothing to assert his vendor's lien until default has been made in the payment of one of the notes, and the deed is of record when the timber is purchased, the holder of this lien is not estopped by these acts from asserting his vendor's lien.

APPEAL from chancery court of Franklin county.

HON. R. W. CUTRER, Chancellor.

Action by L. E. Davis against E. H. Butler and others. From a decree dissolving a temporary injunction, the plaintiff appeals. Reversed, injunction reinstated, and cause remanded.

*Thos. McKnight,* for appellant.

*Ratcliff & Kennedy* and *L. A. Whittington,* for appellee.

SYKES, P. J., delivered the opinion of the court.

By this appeal we are called upon to review the decree of the chancellor in dissolving a temporary injunction restraining the defendants from cutting and removing timber from certain lands. The bill alleges that the appellant (complainant) Davis sold to the appellee (defendant) Whittington certain lands, and reserved a vendor's lien upon these lands in his deed to secure the balance due of the purchase money; that Whittington has failed to meet certain of these payments at maturity; that subsequent to his purchase of these lands Whittington sold the timber situated thereon to the defendant Butler, and that Butler has removed a large part of this timber, and is continuing to cut and remove same. The bill prayed that the defendants be enjoined from cutting and removing the timber until the purchase money was paid, for an accounting, for a decree against Whittington for the purchase money, for a sale of the lands, and for other relief. A temporary injunction restraining the defendants from cutting the timber was granted by the chancellor. A motion to dissolve was heard upon answer of Butler and oral testimony, and the temporary injunction was dissolved.

It is unnecessary to set up in detail the allegations of the bill and answer and all of the testimony. We will merely set out the material facts which govern our decision of this appeal.

The record in this case shows that the appellant, Davis, was the owner of a plantation of something over one thousand, one hundred acres. Upon this plantation was some very valuable timber. Davis wished to sell the plantation, and Whittington wished by buy it. He wanted the land, but not the timber. The appellee Butler was engaged in the timber business, and Whittington conceived the idea that he could interest Butler in purchasing the timber. He saw Butler about it, and he and Butler and Davis made a partial inspection of the plantation. It is possibly true that the appellant Davis knew that Whittington hoped to

make a trade with Butler about the timber, should Whittington buy the plantation. After looking at it, Butler and Whittington, in the absence of Davis, entered into an agreement whereby Butler was to purchase the timber on the Davis place from Whittington, in case Whittington purchased the plantation from Davis. Butler and Whittington had already entered into a contract under which Butler had purchased from Whittington other timber on another plantation owned by Whittington. In discussing the purchase of the Davis timber Whittington told Butler it would be necessary for him (Butler) to make a cash payment of five thousand dollars, and make certain notes payable monthly, so that Whittington could discount a part of these notes, and with the five thousand dollars make a sufficient cash payment to Davis approximately equalling the value of the timber. This agreement was entered into between Butler and Whittington, in the absence of Davis and without Davis' knowledge and consent. A few days thereafter Whittington went to see Davis about purchasing the plantation. In that conversation Whittington claims he told Davis that he (Whittington) expected to sell the timber to Butler, and that he wished to make a cash payment upon the plantation approximately equalling the value of the timber, so that he could sell the timber to Butler. The amount of the cash payment and the deferred payments were all suggested by Whittington and agreed to by Davis, whereupon Whittington, who is an attorney, wrote the deed for the plantation, in which deed a vendor's lien is expressly reserved, and which deed was duly executed by Davis and wife. A few days thereafter Whittington consummated his deal with Butler, whereby Butler purchaser the timber on the Davis tract of land from Whittington. At the time of Butler's purchase, Whittington's deed, in which a vendor's lien is reserved, was of record in the chancery clerk's office. Butler moved his sawmill some time thereafter upon this land, and began cutting timber, which fact was known to Davis. Subsequent thereto Whittington defaulted in the payment of his

first note due Davis. Whereupon Davis, a short time thereafter, brought this suit. The testimony for the appellees also shows that Davis inquired of Butler if he had purchased the timber from Whittington, and was told that he had, and that he told Butler he was glad he had done so. Some time thereafter he asked Butler if he would give him a statement of what he had paid Whittington for the timber, and whether or not he had finished paying therefor; which statement was given to him. All of which occurred before the bringing of this suit. The record also shows that at the time Whittington bought the plantation the parties to this suit were all good friends; that each was considered financially able to meet his obligations.

It is the contention of the appellee that at the time Davis sold the plantation to Whittington he knew that Whittington expected to sell the timber to Butler, so that Butler could cut and remove it at his pleasure; that the cash payment was really to release the timber from any lien for the unpaid purchase money; that Davis knew and understood that Butler was cutting and removing this timber, and permitted him to do so, until he became uneasy about the payment of the balance of the purchase money. For all of which reasons he is now estopped to assert his vendor's lien on this timber. The chancellor took this view of the case and dissolved the temporary injunction.

The testimony in this case shows that there were no dealings between Davis and Butler about this timber, but that all of Butler's dealings were had with Whittington, and that he relied upon Whittington to see that he was not molested in cutting this timber. If the oral conversation occurring between Whittington and Davis, to the effect that he expected to sell this timber to Butler, were admissible as a part of the contract, this testimony was not explicit and definite and to the effect, and it was not agreed to by Davis that the vendor's lien on the timber should not be retained. However, the contract relating to the sale was merged into the written instrument, namely, the deed, and any oral agreements, either prior to or contempora-

neous therewith, contradictory of the terms of the deed, were inadmissible, and that part of the deed reserving a vendor's lien on the plantation was plain and unambiguous, and cannot be contradicted by a contemporaneous parol agreement. The latest utterance of this court upon this subject is found in the case of *Hicks* v. *Sullivan* (Miss.), 89 So. 811. See, also, *Lee* v. *Newman,* 55 Miss. 365; *Eskridge* v. *Eskridge,* 51 Miss. 522; *Campe* v. *Renandine,* 64 Miss. 441, 1 So. 498.

This court has uniformly held that growing timber is a part of the land; consequently the vendor's lien in this case was upon this timber as well as upon the land. *Fox, Tax Collector,* v. *Pearl River Lumber Co.,* 80 Miss. 1, 31 So. 583; *Butterfield Lbr. Co.* v. *Guy,* 92 Miss. 361, 46 So. 78, 15 L. R. A. (N. S.) 1123, 131 Am. St. Rep. 540.

Neither has Davis done anything to estop him from asserting this lien. After the sale to Whittington he at no time agreed to relinquish the lien on the timber. He had no conversation with Butler about it between his sale to Whittington and Whittington's sale to Butler. When Butler bought, Whittington's deed was of record, and he is therefore charged with notice of this vendor's lien upon the timber at the time of his purchase. With this deed of record he had a right to be silent. His vendor's lien was indisputable, and the world had notice of it. There is nothing in the testimony to show that he did anything to mislead or deceive either Butler or Whittington. Neither did he induce Butler to purchase the timber. *Sulphine* v. *Dunbar,* 55 Miss. 255; *Staton* v. *Bryant,* 55 Miss. 261; *Murphy* v. *Jackson,* 69 Miss. 409, 13 So. 728.

As stated in the opinion of the court in the case of *Hart* v. *Foundry Co.,* 72 Miss. bottom of page 830, 17 So. 769:

"Estoppel operates only in favor of one who, in reliance upon the act, representation or silence of another, so changes his situation as that injury would result if the truth were shown."

There were no acts or representations; neither could Butler in any way have been misled by the silence of Davis

in the purchase of this timber. On the contrary, there was a vendor's lien staring him in the face, of which he is charged with notice when he purchased.

On this record we find no testimony upon which the lower court could have held that this vendor's lien was waived, or that Davis is estopped from asserting it.

The court erred in dissolving the temporary injunction. The decree of the lower court is reversed, the temporary injunction reinstated, and the cause remanded.

Reversed, injunction reinstated, and cause remanded.

*Reversed and remanded.*

ON SUGGESTION OF ERROR. SUGGESTION OVERRULED.

For former opinion, see 91 So. 279.

SYKES, P. J. Counsel for the appellees, in a suggestion of error, call our attention to the fact that we were in error in stating that, at the time Butler purchased the timber from Whittington, Whittington's deed, in which a vendor's lien was reserved, was of record. As a matter of fact the deed was recorded a few days after Butler purchased the timber.

The record conclusively shows that at the time Butler purchaser the timber he had knowledge that Whittington had purchased both land and timber from Davis. At this time no representations whatever as to Whittington's title were made to Butler by Davis. Butler depended and relied exclusively upon Whittington for his title to the timber. It was incumbent upon Butler to ascertain the contents of Whittington's deed from Davis, and he is charged with notice of the contents of that deed. *Wailes* v. *Cooper,* 24 Miss. 208; *Buck* v. *Paine,* 50 Miss. 648.

The suggestion of error is overruled.

*Overruled.*