ROBERTS *v.* BOOKOUT *et al.*

(Division B. Jan. 18, 1932. Suggestion of Error Overruled Mar. 28, 1932.)

[139 So. 175. No. 29739.]

I. L. **Sheffield,** of Fulton, for appellant.

**J. H. Brown,** of Fulton, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellee J. L. Bookout filed his bill in the chancery court of Itawamba county against appellant, seeking to establish his title to one and eleven-sixteenth acres of land in that county, and to have canceled as a cloud upon his title appellant's claim to the land. Appellant answered the bill, denying the material allegations thereof, and made his answer a cross-bill, asking that his claim of title to the land be established, and appellee's claim be canceled as a cloud upon his title. In the alternative, appellant prayed for compensation for valuable and permanent improvements which he had placed upon the land, and prayed further that D. R. Bookout and his wife, through whom he claimed title, be made parties to the cause. This was accordingly done, and appellee, J. L. Bookout, D. R. Bookout, and his wife, answered the cross-bill, denying its material allegations. There was a trial on the original and cross-bills; and answers thereto, and proofs, resulting in a decree in favor of appellee J. L. Bookout, establishing his title to the land, but giving permission to appellant within a specified time to remove the improvements he had placed thereon. From that decree appellant prosecutes this appeal.

Appellant admits that appellee J. L. Bookout had a perfect record title to the land in controversy, but contends that he lost his title to appellant, first, by adverse possession; second, by equitable estoppel to assert it.

There is no merit in the defense of adverse possession, because the evidence showed without conflict that appellant claimed title to the land under a deed from

appellee D. R. Bookout, made on September 1, 1919, under which he went into adverse possession; but that the original bill in this cause was filed on July 13, 1929, within ten years after such conveyance and possession.

Appellant contends that appellee J. L. Bookout was estopped by his silence and acquiescence to claim title to the land. D. R. Bookout is a son of J. L. Bookout and his wife, M. C. Bookout. On the eighth day of September, 1919, and for some time prior thereto, J. L. Bookout was the owner of thirty acres of land in Itawamba county, which included the one and eleven-sixteenths acres involved in this cause. He had a perfect record title to the land. On that date he conveyed the land in controversy to his son, D. R. Bookout. The conveyance contains this provision: "It is agreed and understood that this deed is not to take effect until the death of J. L. and M. C. Bookout, which death shall in all things constitute a full and complete delivery of this deed." Appellant concedes that this deed is void, because it conveyed no present interest in the land. Claiming title under this conveyance, however, on the seventh day of April, 1923, D. R. Bookout and his wife conveyed the one and eleven-sixteenths acres of land in controversy to appellant, and immediately thereafter appellant went into possession, and built a home and barn and outhouses and other improvements on it, which were valuable and permanent in their nature. There was a conflict in the evidence as to whether appellant was induced to purchase the land and make the improvements thereon, relying on any acts, representations, or silence of J. L. Bookout.

At the time of the conveyance from D. R. Bookout to appellant, the deed from J. L. Bookout to D. R. Bookout was not of record in the office of the chancery clerk of Itawamba county, and was not recorded until some

years thereafter. As above stated, the deed records of the county did not show at that time a perfect record title to the land in J. L. Bookout.

The chancellor found as facts that at the time appellant purchased the land from D. R. Bookout, and also at the time he made the improvements thereon, J. L. Bookout, neither by express representation nor silence, induced appellant to purchase the land and make the improvements; but, on the contrary, that appellant, without investigating the deed records to ascertain whether D. R. Bookout had title to the land, relied solely on the latter's representation that he owned the land, and had the right to convey it.

However, the evidence showed without conflict that J. L. Bookout knew that appellant was negotiating with his son, D. R. Bookout, to purchase the land, and knew later that he had purchased it, and was aware of the fact that appellant was making permanent and valuable improvements upon the land, and remained silent as to his title. Appellant argues that silence, under such circumstances, operated to estop J. L. Bookout from claiming the land against him.

A conveyance of land is required to be in writing, signed and delivered (section 2111, Code 1930). Notwithstanding the requirements of the statute, however, one who has no paper title to land may acquire title by estoppel against his adversary having a perfect paper title. But, in order to do so, the evidence must show all the necessary elements of estoppel.

In the present cause, under the chancellor's finding of facts, which we think the evidence justified, appellant has nothing to rely upon as constituting an estoppel, except the mere silence of J. L. Bookout. It is true, as contended by appellant, that mere silence under some circumstances and conditions will operate as an estoppel, but we agree with the chancellor that this is not a case of that character. Equity will not, on the mere ground

of silence, relieve one who is perfectly acquainted with his rights, or has the means of becoming so. One should ordinarily inquire into the title before he undertakes to purchase land. He whose title is of record has given the notice which all are bound to respect, and generally the law does not require more. It is true, he must not do or say anything to mislead, and must act and speak, if at all, consistently with his recorded title. A part owner of land, residing thereon at the time of a sale of the land under a deed of trust given by his cotenant, purporting to convey the entire interest, though making no objection, is not by his mere silence estopped from asserting his title against the purchaser, if such title be a matter of record, and he does nothing to mislead the purchaser in the buying. Staton v. Bryant, 55 Miss. 261; Sulphine v. Dunbar, 55 Miss. 255. One who has an interest in land is not estopped by his silence at a time when he knew that another was mortgaging the land as his own in fee, where the interest of such party appears of record. Scottish-Am. Mort. Co. v. Bunckley, 88 Miss. 641, 41 So. 502, 117 Am. St. Rep. 763. To the same effect are Rosenbaum Sons v. Blackwell, 110 Miss. 452, 70 So. 548, and Davis v. Butler, 128 Miss. 847, 91 So. 279, 281, 709. In the latter case the court used this language: "There were no acts or representations; neither could Butler in any way have been misled by the silence of Davis in the purchase of this timber. On the contrary, there was a vendor's lien staring him in the face, of which he was charged with notice when he purchased."

It is reasonably inferable from all the evidence in this case that at the time appellant purchased the land from D. R. Bookout, and made the improvements on it, he and D. R. Bookout and J. L. Bookout all thought that appellant had gotten a good title. In other words, that they were not aware that D. R. Bookout got no title by the conveyance from his father, J. L. Bookout. The evidence showed that, when appellant purchased the

land, he made no examination of the deed records to see whether or not D. R. Bookout had title. Had he made such an examination, he would have found that he had no record title, but that the land was owned by his father, J. L. Bookout.

We are of opinion that mere silence, under the facts and circumstances shown by the record in this case, is not sufficient to divest title to this land out of its true owner, J. L. Bookout, and invest it in appellant. That is what estoppel by silence in this case would mean. We think that, under the decisions of this court above referred to, the decree should be affirmed.

Affirmed.