DIVELBISS *v.* JONES *et al.*

(Division A. Nov. 14, 1932.)

[144 So. 464. No. 30234.]

Loving & Loving, of Columbus, for appellant.

W. L. Sims, of Columbus, for appellees.

Smith, C. J., delivered the opinion of the court.

The appellant sued Burns, the maker of, and Jones, an indorser on, a promissory note. The note was executed by Burns to Jones, and transferred by Jones to the appellant by the indorsement on the back thereof, reading as follows: "This is to certify that I have this day sold all my right, title and interest, to the within note and mortgage to L. B. Divelbiss, as part payment on radio." The appellees' contention is that this indorsement was intended to be "without recourse," and therefore he is not liable thereon.

This is the second appearance of the case in this court. On the former appeal, Divelbiss v. Burns, 161 Miss. 724, 138 So. 346, the indorsement was held to be a general, and not a qualified, indorsement. When the case was again tried after its return to the court below, the appellee Jones was permitted by the court to introduce parol evidence to the effect that the indorsement

was intended by him to be, and accepted by the appellant as, one "without recourse" on Jones. The jury by instructions were permitted to and did so find, and there was a judgment accordingly. The language of the indorsement is plain and unambiguous, and therefore evidence in explanation thereof is inadmissible.

But it is said, in effect, by counsel for the appellee that the effort here is not to vary the language of the indorsement, but to add thereto an additional stipulation not embraced therein. On the former appeal, the indorsement was held to be a general indorsement with all the legal implications that flow therefrom, and ordinarily in a court of law the legal effect of a written instrument cannot be varied by parol. Campe v. Renandine, 64 Miss. 441, 1 So. 498. While there is a conflict in the authorities as to whether such an indorsement can be shown by parol to have been intended to be a qualified or restricted one, this court has aligned itself with those courts that hold that this cannot be done. Baskerville v. Harris, 41 Miss. 535; Hawkins v. Shields, 100 Miss. 739, 57 So. 4, 4 A. L. R. 760. See, also, Heaverin v. Donnell, 7 Smedes & M. 244, 45 Am. Dec. 302; Traders' Sec. Co. v. Sullivan, 147 Miss. 72, 112 So. 869.

The parol evidence should not have been admitted, and after its admission had no effect on the character of the indorsement.

The appellant requested the court to return a verdict for him for the amount sued for, and asks for such a judgment here. The amount due on the note is fixed, but the amount of the attorney's fee is for the determination of the jury. Humphreys County v. Cashin, 128 Miss. 236, 90 So. 888. Consequently, final judgment cannot be rendered here.

Reversed and remanded.