MONROE GRANTHAM, THOMAS MIZELL, PEDEN BARNHILL, JESSE HAGAN AND CHARLES FORD, *Appellants*, v. BOARD OF PUBLIC INSTRUCTION OF DESOTO COUNTY, FLORIDA, A CORPORATION, AND THE TRUSTEES OF PINE LEVEL SPECIAL TAX SCHOOL DISTRICT No. 23, *Appellees*.

Opinion filed May 5, 1919.

1.  If organic and statutory provisions for issuing bonds by Special Tax School Districts are not observed, the proceedings will be ineffectual to authorize the issue of bonds.

2.  Where a demurrer to a bill of complaint is sustained, and the public is interested in the subject matter, the chancellor should give an opportunity to amend the bill where there may be any reasonable grounds upon which relief may be prayed, even though leave to amend is not requested.

An Appeal from the Circuit Court for DeSoto County; John S. Edwards, Judge.

Decree reversed.

*Leitner & Leitner,* for Appellants.

*John W. Burton,* for Appellees.

WHITFIELD, J.—Resident qualified electors who are freeholders and tax payers of the district brought suit to enjoin the issue of bonds by the Pine Level Special Tax School District No. 23 of DeSoto County upon grounds that qualified electors of the district who were freeholders were not allowed to vote at the election held January 8, 1917, because they had not paid their poll taxes for 1916, it being alleged that if such electors had been allowed to vote the result of the election would have been against issuing bonds. A demurrer to the bill of complaint was sustained and the bill dismissed, no time for amendment being allowed. The complainants took an appeal.

The constitution authorizes "the division of any county * * * into convenient school districts," and ordains that "the legislature may provide for Special Tax School Districts, to issue bonds for the exclusive use of public free schools within any such Special Tax School District, *whenever* a *majority* of the *qualified electors thereof, who are freeholders, shall vote in favor* of the issuance of such bonds," and authorizes the levy of a tax not to exceed five mills annually "on the taxable property within the district voting for the issue of bonds." Secs. 10 and 17, Art. XII.

The statute provides for the establishment of Special Tax School Districts, and also provides that *at their first meeting after the receipt* of a petition signed by not less than twenty-five per cent of the duly qualified electors residing within a Special Tax School District, setting forth the amount of the bonds desired to be issued and the purpose thereof, etc, the County Board of Public Instruction shall determine by resolution to be entered on its records what amount of bonds is required for the purposes set forth in said petition, the rate of interest to be paid thereon and the time when the principal and interest of such bonds shall be due and when payable, which resolution is required to be published in a stated manner, and the statute provides also that at the same meeting the board shall order that an election shall be held in the Special Tax School District to determine whether the bonds shall be issued, in which election only the duly qualified electors thereof who are freeholders shall vote." Secs. 1, 2, 3 and 4, Chap. 6542, Acts 1913; Sec. 416b, Comp. Laws 1914.

If these organic and statutory provisions are not observed, the proceedings are ineffectual to authorize the issue of bonds by the district.

In this case the resolution of the board and the publication thereof did not "determine the time when the principal" * * * of the bonds "shall be due and when payable" as required by the statute, the resolution merely stating that the bonds if issued will be "payable either twenty years from date of said issue, or in installments to be paid at stated intervals during said twenty years, the date or dates of payment or payments to be determined by said board at or before time of sale of bonds."

In the resolution the qualifications of the electors are stated to be "the duly qualified electors residing in the Special Tax School District," whereas the constitution requires the electorate to be "the qualified electors * * * who are freeholders," and the statute provides that when an election is called in the ditsrict the electors thereat shall be "only the duly qualified electors thereof who are freeholders."

At the election held eight votes were cast for the issue of bonds and six votes were cast against such issue. The number of duly qualified electors of the district who are freeholders does not appear.

The demurrer to the bill of complaint was sustained on the ground that the complainants were not qualified electors, they not having paid their poll taxes for 1916 when the election was held January 8, 1917. On sustaining the demurrer the chancellor dismissed the bill giving no opportunity to amend.

Under Chancery Rule 52 "the court may in its discretion, upon motion of the plaintiff, allow him to amend his bill upon such terms as it shall deem reasonable." It does not appear that the plaintiffs asked leave to amend the bill of complaint, but in cases of this character, where the public is interested, the chancellor should give an opportunity to amend the bill where there may be any reasonable grounds upon which relief may be prayed. In this case we think leave to amend should be allowed, and the decree is reversed for further proceedings.

Decree reversd.

All concur.