STATE OF FLORIDA, ex rel. ELMORE COHEN, *Plaintiff in Error,* v. T. M. O'NEAL, et al., County Commissioners, Palm Beach County, *Defendants in Error.*

Division B.

Opinion filed May 12, 1930.

*Ernest Metcalf,* for Appellant;

*Rufus M. Robbins,* for Appellee.

WHITFIELD, P. J.—In mandamus proceedings in the circuit court the relator claims a right as clerk of the criminal court of record for Palm Beach County, to the salary provided for by Chapter 11982, Acts 1927, notwithstanding the purported repeal of Chapter 11982 by Chapter 13611, Acts 1929. The claim was denied and petitioner took a writ of error.

Chapter 11363, Extra Session 1925, "AN ACT to establish a criminal court of record in the County of Palm Beach," establishes a criminal court of record for Palm Beach County and in Section 11, provides that the clerk of such court:

"Shall receive such fees as are now allowed the clerk of the circuit court in similar matters for like services and such fees shall be paid by the State when the defendant is insolvent as provided by law in other criminal cases."

Chapter 11982, Acts 1927, amended Section 11, Chapter 11363, so that the compensation of the clerk of the criminal court of record for Palm Beach County:

"Shall be three thousand six hundred dollars ($3,600.00) per annum to be paid quarterly from county funds as other county officers are now paid, and he shall receive in addition thereto such fees as are now allowed the clerk of the circuit court in similar matters, for like services and such fees shall be paid by the State when the defendant is insolvent as provided by law in other criminal cases."

Chapter 13611, Acts 1929, repealed Chapter 11982, Acts 1927, and provided that Section 11, Chapter 11363, Acts 1925:

"Is hereby reenacted and declared to remain in the same words and figures as before the same was amended by Chapter 11982 of the Laws of Florida for the year 1927."

Section 20, Article II, Constitution, provides that:

"The Legislature shall not pass special or local laws * * * regulating the fees of officers of the State and county."

Chapters 11363, 11982 and 13611 are all local laws and the provision of Section 11, Chapter 11363, regulating the

fees of the clerk of the criminal court of record for Palm Beach County, a county officer, being a local law, violates the above quoted provision of Section 20, Article III, Constitution, and consequently such statutory provision regulating the fees of a county officer was and is inoperative. Likewise Chapter 11982, allowing such clerk a salary as well as fees, is a local enactment regulating the fees of a particular county officer and is inoperative. Chapter 13611, Acts 1929, which repeals Chapter 11982 and purports to reenact Section 11, Chapter 11363, being a local law is also inoperative because violative of Section 20, Article III, Constitution.

The general laws, Sections 8237-40, Comp. Gen. Laws 1927, define the duties and compensation of clerks of the criminal courts of record, and such sections of the general laws are controlling and do not provide for a salary in addition to the prescribed fees for the clerks of the criminal courts of record.

Even if the provisions of Chapter 11363, regulating the fees of the clerk of the criminal court of record for Palm Beach County, a county officer, may be regarded as merely incidental to the creation of a criminal court of record in Palm Beach County, the Act is a local law; and Chapter 11982, providing for a salary for such clerk, is a local law and inoperative under Section 20, Article III, Constitution. The provisions of Chapters 11363 and 11982, regulating the fees of the stated county officer, being invalid, Chapter 13611, purporting to repeal Chapter 11982 and to re-enact 11 of Chapter 11363, being a local law on the subject of regulating the fees of a single county officer, can be of no legal effect, which leaves the provisions of the general laws regulating the duties and fees of the clerks of the criminal courts of record in force.

Affirmed.

Strum and Buford, J. J., concur.

Terrell, C. J., and Ellis and Brown, J. J., concur in the opinion and judgment.