In order to test a question of jurisdiction an alternative writ of mandamus was issued by this Court to require the judge of the Sixteenth Judicial Circuit to entertain jurisdiction, which he had declined to do, of a cause pending in the Seventeenth Judicial Circuit between the liquidator of an insolvent bank and a debtor of the bank, in which cause the judge of the latter circuit had certified that he is disqualified to act judicially "by reason of the fact that he was a debtor of the" bank "at the time it closed its doors * * * and is now a debtor of said" bank; and that therefore he has "a pecuniary property interest in entering any order" in the cause. A demurrer to the alternative writ was filed.
In State ex rel. v. Barker, Circuit Judge, 98 Fla. 123 So. R. 733, it is said:
 "Under the rule of common law a judge was required to be legally indifferent between the parties to any litigation, and any interest the probable tendency of which would be to engender in the mind of the judge a bias for or prejudice against either party to the suit was sufficient to disqualify him * * *. This rule of the common law is effective in this State." *Page 96 
A debtor judge might have no interest in the result of litigation in which his creditor is a party. No such interest appears in this case. It cannot be said as matter of law that the mere fact that a judge was a debtor of a bank when it was adjudged to be insolvent, engenders in the mind of the judge a bias or prejudice that disqualifies him to act judicially in a cause wherein the liquidator of the insolvent bank is a party. If the fact of being a debtor to the insolvent bank does bias or prejudice the judge, a statement by him to that effect would show his disqualification under the statute, to sit in the particular cause.
The certificate of the judge states merely that he is disqualified to act in the cause by reason of the fact that he is a debtor of the insolvent bank, without any statement indicating that being such debtor does engender in his mind a bias or prejudice so as to disqualify him in the cause. Conklin v. Crosby, 29 Arizona 60, 239 Pac. R. 506. In this case the circuit judge is not acting as a probate court or administering on the assets of the insolvent bank or enforcing a claim against himself. He is not a party and has no pecuniary interest in the result of the suit. See Gay v. Minot, 3 Cushing (Mass.) 352. The judge of the Seventeenth Judicial Circuit is not ipso facto disqualified by reason of being a debtor of the insolvent bank, and he has no interest in the result of the suit, therefore, in the absence of some statement to indicate that by reason of being a debtor of the insolvent bank or otherwise, he is in fact biased or prejudiced, his disqualification is not shown so as to authorize the judge of the Sixteenth Judicial Circuit to entertain jurisdiction in the cause.
Demurrer to the alternative writ sustained.
STRUM AND BUFORD, J. J., concur.
TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment. *Page 97