Whitfield, J.
 

 A rehearing is requested in this case on the theory that Chapter 11363, Acts of 1925, and the amendatory acts Chapter 11982 Acts 1927 and' Chapter 13611 Acts of 1929, are not local or special laws, but general laws.
 

 Chapter 11363, Act's of 1925, Extraordinary Session, “An Act to establish a Criminal Court of Record in the County of Palm Beach, ” is a local law, since it is expressly made applicable to a particular county. See State ex rel., v. Daniel, 87 Fla. 270, 287, 990 and 804. All local laws that are not forbidden by Section 20, Art. Ill, may not be subject to the proviso to Sec. 21, Art. Ill, Constitution. Other sections of the Constitution might expressly or impliedly provide otherwise. See State ex rel., v. Co. Coms. 23 Fla. 483, 3 So. R. 193. There may be other classes of permissible local laws affecting State functions and purposes that are not intended by the Constitution to be governed by'the proviso to Section 21, Art. Ill Constitution. For example the establishment of courts, State instrumentalities, etc. In so far as Chapter 11363 estab
 
 *1279
 
 lishes a Criminal Court of Record in Palm Beach County it is not forbidden by Section 20, Article III, Constitution. The establishment of a Criminal Court of Record is not among the inherent or implied powers of the legislature. Local laws enacted under the inherent powers of the legislature may be controlled by Sections 20 and 21, Art. Ill, Constitution unless otherwise expressly or impliedly provided by some provision of the Constitution, and express powers to enact local laws may be subject to the proviso to Section 21 Art. Ill, unless the grant of the power expressly or impliedly provides otherwise. Section 24, Article'V, Constitution, expressly and specifically authorizes the legislature to establish a Criminal Court of Record in any county “upon application of a majority of the registered voters in such ’ ’ county. This provision necessarily contemplates the establishment of Criminal Courts of Record by local laws; and Section 20, Art. Ill does not forbid local laws establishing courts. Section 24 Article V may fairly be regarded as granting complete specific authority to severally establish Criminal Courts of Record, and as prescribing the only condition for enacting laws establishing such courts notwithstanding the proviso to Sec. 21 Art. Ill, See 23 Ch. 483. This express grant of power to establish a criminal court of record reasonably may be held to indicate an organic intent that the specifically granted authority shall be exercised upon compliance with the sole condition stated in the section viz: “upon application of a majority of the registered voters in”' a county, without a publication of notice of the proposed local law required by Section 21, Article III of the Constitution, the application of a majority of the registered voters of the county being an approval of the local law by the voters of the county, such application also being the particular condition on which the granted authority may be exercised. There is a'reason for this specific provision
 
 *1280
 
 as to the exercise of the granted power, since the court is designed to administer State laws. The court is a State instrumentality to accomplish a State purpose. Though the court has a local status, it is a part of the State judicial system. The above discussion has reference to the express grant of power
 
 to establish
 
 criminal courts of record'. Section 20, Art. Ill does not forbid courts to be established by local laws.
 

 But Section 20, Article III, Constitution, expressly forbids a local or special law “regulating the jurisdiction and duties of any class of officers, except municipal officers,” and also forbids special or local laws, “regulating the fees of officers of the State and county,” therefore the provisions of Chapter 11363, a local law, relating to the duties and compensation of the Clerk of the Criminal Court of Record in Palm Beach County, being expressly forbidden by Section 20, Article III, would be inoperative if they did not merely refer to the general laws on the subject. Sec. 8238 Comp. Gen. Laws, Chapter 11982 and 13611 are inoperative being special or local laws forbidden by Sec. 20-21, Art. III. Section 30, Article V,- provides that “the clerk of said court shall be elected by the electors of the county in which the court is held and shall hold office for four years, and his compensation shall be fixed by law.” But Section 20, Article III, expressly forbids special or local laws “regulating the fees of officers of the State, and county.” This materially differentiates the effect of the provision of the Statute establishing the court and the effect of the provisions as to the compensation, of the clerk of the court.
 

 Section 30, Article V, contains no language indicating an organic intent that the last clause, viz: ‘ ‘ And his compensation shall be fixed by law,” confers authority to be exercised without reference to other organic provisions as
 
 *1281
 
 to such laws, or that the last quoted provision shall prevent or dispense with the operation of Section 20, Article III, foi'bidding local or special laws regulating the fees of county officers. Provisions sijmilar to the last quoted clause appear in Section 27, Art. Ill, Sections 6 and 7, Article VIII, or Sections 16 and 21,, Article V. See State ex rel. v. Shepard, 84 Fla. 206, 83 So. R. 667.
 

 Section 30, Article V, does not require legislation to authorize the election of a clerk for a criminal court of record when it is established in a county. The Constitution itself requires such election under the general laws on the subject. The organic section requires the compensation of such clerk to be fixed by law. In the absexice of any provision indicating a contrary intent, the provision means that the compensation of the clerk shall be fixed by such a„law as is required by other provisions of the Constitution affecting laws regulating the fees of county officers.
 

 Special or local laws that are forbidden by Sections 20 and 21, Article III, Constitution, cannot legally be enacted even if notice thereof be published as required by the proviso to Section 21. In the latter section it is expressly provided that “in all cases not enumerated or excepted in” Section 20, “the legislature may pass special or local laws; Provided that xxo local or special bill shall be passed unless notice” thereof be published as required by law, “in the locality where the matter or thing to be affected may be situated. ” “ This proviso is general in so far as it is applicable; and it applies to matters or things having a local status.” “It is only where the matter or thing to be affected is situated in some locality, that the proviso is operative.” State ex rel. v. Co. Comms., 23 Fla. 483, text pages 487-488. The Criminal Court of Record for Palm Beach County is situated in a pax’tieular locality, viz:
 
 *1282
 
 Palm Beach County; and a statute establishing such a court in a county might be covered by the proviso to Section 21 if it were not in effect excepted from the operation of such proviso by the meaning and effect of the provisions contained in Section 24, Article V, Constitution, as above indicated.
 

 A statute not forbidden by Sections 20, 21 and 25, Article III, and Section 4, Article VIII, Constitution, though local or particular in its application, and not predicated upon a classification, may not be such a local or special law as is within the intent and meaning of the proviso to Section 21, Article III, Constitution, if the statute is designed to accomplish a State purpose as distinguished from a county, district, municipal, community, group or individual'purpose. For example, the establishment of a new county may be regarded as a state.and not a local purpose. Under Section 3, Art VIII, Constitution, the legislature has power “at its pleasure to establish new counties.” State ex rel. v. Comrs., 23 Fla. 483, text 490. Special or local laws establishing new counties are not forbidden by Section 20, Article III. But special or local laws regulating the fees of county officers are forbidden by Section 20, Article III, and Section 30 of Article V, does not authorize local or special laws regulating the fees of county officers, but contemplates general laws under Section 21, Article III.
 

 Section 20, Article III, forbids the legislature to enact a local or special law fixing the fees of county officers. A law fixing the compensation of a particular county officer, in this case the clerk of the Criminal Court of Record of Palm Beach County, is both a special and a local law. Section 30, Article V, expressly provides that the compensation of such clerk shall be fixed by law; but this means such a law as is required by other provisions of the
 
 *1283
 
 Constitution. Sections 20 and 21, Article III, require a general law on the subject and there is-nothing in Section 30, Article V indicating an organic intent that a law fixing such compensation may be enacted without reference to Sections 20 and 21, Article III, Constitution. Section 30, Article V, is quite different from Section 24, Article V, with reference to the prerequisites to legislation that is required to effectuate the organic sections respectively. The subjects regulated are quite different in'their nature.
 

 Section 24, Article V, authorizes the establishment of a criminal court of record in any county “upon application of a majority of the registered voters in such” county. This contemplates a local law in each case and Section 20, Article III, does not forbid local laws establishing courts. Section 30, Article V, requires the compensation of the clerk of the criminal court of record to “be fixed by law.” As the organic law contemplates the establishment of more than one criminal court of record in the State, each of which is to have a clerk who is a county officer, and as Section 20, Article III, forbids local or special laws regulating the fees of county officers, the intent of Section 30, Article V, is that the law fixing the compensation of the clerk shall be a general law as required by Section 21, Article III, there being nothing in Section 30, showing an intent to dispense with the operation of Sections 20 and 21, Article III, in fixing the compensation of county officers. Section 30, Article V, also requires the fees of the sheriff to be fixed by law meaning, of course, a general law in accordance with Sections 20 and 21, Article III. See Sections 16 and 19, Chapter 3731, Acts 1887; Sections 8238, 8265, Comp. Gen. Laws, 1927.
 

 An Act establishing a criminal court of record in a county is not a special or local law that is forbidden by
 
 *1284
 
 Section 20, Article III. It is not a special or local law of which notice is required to be published by Section 21, Article III, for the reason that Section 24, Article V, gives express particular authority to establish a criminal court of record in any county “upon application of a majority of the registered voters in such” county. A special or local law regulating the fees of a county officer is forbidden by Section 20, Article III, and the provision of Section 30, Article Y, that thé compensation of the clerk of a criminal court of record “shall be fixed by law,” means a general law, since more than one such clerk is contemplated, and there is nothing in Section 30, Article Y, or in the nature of the subject of regulating the fees of county officers to relieve it from the operation of Sections 20 and 21 of Article III of the Constitution.
 

 The subject and special provisions of Section 24, Article Y, and the nature of the subject of Section 3, Article VIII, make Sections 20 and 21, Article III, inapplicable to those sections; but it is not so with the provisions of Section 30, Article Y, relating to the compensation of county officers, as to which subject local or special laws are expressly forbidden by Section 20, Article III.
 

 Rehearing denied.
 

 Terrell, C. J., and Strum and Brown, J. J., concur.
 

 Ellis and Buford, J. J., dissent.