STATE, *ex rel.* MAXWELL HUNTER, INC., v. K. B. O'QUINN, Clerk of Circuit Court of Pinellas County.

154 So. 166.
Opinion Filed March 8, 1934.

*L. P. Hardee* and *Raney H. Martin,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *J. V. Keen,* Assistants, for Respondents.

*John C. Blocker,* as *amicus curiae.*

WHITFIELD, J.—An alternative writ of mandamus was issued by this Court commanding the respondent Clerk of

the Circuit Court to permit, pursuant to Chapter 16282, Acts of 1933, and a resolution of the Board of County Commissioners of Pinellas County, the redemption at 55% of the principal and accrued interest (except taxes for State and school operating expenses) due on stated tax sale certificates held by the State for non-payment of State and county taxes levied for the years 1929 and 1930 upon designated real estate in Pinellas County, Florida, or to show cause for not doing so. The respondent has filed a motion to quash the alternative writ.

The questions presented are whether Chapter 16252, Laws of Florida, approved June 2, 1933, repealed Chapter 16282, Laws of Florida, approved May 30, 1933, and whether Chapter 16282 is violative of Sections 20 and 21, Article III, of the Constitution because it applied only to counties having a population between 60,000 and 100,000.

Section 7 of Chapter 16252 provides that "all laws and parts of laws in conflict herewith are hereby repealed insofar as the same may be necessary for a liberal interpretation of this Act." It is clear that in the particulars and to the extent that Chapter 16282, approved May 30, 1933, conflicts with Chapter 16252, approved June 2, 1933, the latter Act is the controlling law.

If in any of its essential features Chapter 16282 violates any provision of the Constitution so as to render that Chapter invalid or inoperative, a determination of that question will control the disposition of this cause.

The Constitution contains the following:

"The Legislature shall provide for a uniform and equal rate of taxation * * * and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law * * *." Sec. 1, Art. IX.

"All property shall be taxed upon the principles established for State taxation." Sec. 5, Art. IX.

"The Legislature shall not pass special or local laws * * * regulating the jurisdiction and duties of any class of officers except municipal officers; * * * for assessment and collection of taxes for State and county purposes; * * *." Sec. 20, Art. III.

"In all cases enumerated in the preceding section all laws shall be general and of uniform operation throughout the State." Sec. 21, Art. III.

"No tax shall be levied except in pursuance of law." Sec. 3, Art. IX.

Chapter 16282 is as follows:

"An Act Authorizing the Board of County Commissioners, and the Constituted Authority of Each Municipality, in All Counties Having a Population of Not Less Than Sixty Thousand and Not More Than One Hundred Thousand According to the Last Preceding Census, to Accept Compromise Settlements of Tax Sale Certificates and other Evidences of Unpaid Taxes for the Year 1931 and Prior Thereto.

"Be It Enacted by the Legislature of the State of Florida:

"Section 1. That the Board of County Commissioners, and the duly constituted authority of each municipality, of all counties in the State of Florida having a population of not less than sixty thousand and not more than one hundred thousand, according to the last preceding census, shall have the authority to adjust, compromise, settle, cancel or otherwise allow the redemption of any delinquent taxes for the year 1931, or prior, for cash in any amount that in their opinion shall be right and just and to the best interests of said county or municipality or any sub-district

thereof, provided, that all taxes for years subsequent to the years herein mentioned shall be paid in cash.

"Section 2. In the case of delinquent taxes due to the State, county or any sub-district thereof or any municipality and paid under the provisions of this Act, the County Commissioners shall prescribe a form of application and for a report which shall be used by the Clerk of the Circuit Court in reporting cancellations made hereunder. The report shall show the amount of the original tax, the amount accepted by the Board and shall be approved by the Board of County Commissioners, attested by the Clerk and forwarded to the State Comptroller. Nothing herein contained shall in any manner affect the making of any report required by law to be made and filed with the State Comptroller.

"Section 3. In the case of delinquent taxes cancelled under the provisions hereof in connection with an application for a tax deed, or the foreclosure of any tax certificate or tax deed, no amount can be recovered either in the application for tax deed or the suit of foreclosure greater than the amount paid in cancellation thereof.

"Section 4. In the case of a municipality, the governing authority thereof shall prescribe the rules, regulations and reports which shall be kept by them in permanent form and subject to public inspection at all reasonable hours.

"Section 5. All laws or parts of laws in conflict herewith are hereby repealed.

"Section 6. This Act shall become effective immediately upon its passage and approval by the Governor or upon its becoming a law without such approval.

"Approved May 30, 1933."

In support of the statute it is in effect contended for the relator that Chapter 16282 is a general law because its territorial application is predicated upon a permissible classi-

fication of the counties in which the statute is to operate, viz: "all counties having a population of not less than sixty thousand and not more than one hundred thousand, according to the last preceding census," though such classification embraces only two counties, to-wit: Pinellas and Polk.

Whether a classification for statutory regulation embracing less than all the counties of the State is permissible under Sections 20 and 21 of Article III or under organic provisions and principles requiring equal protection of the laws and forbidding unjust discriminations depends upon the *nature of the subject regulated* as well as upon the reasonableness of the classification.

Where a subject of statutory regulation is inherently Statewide or is under organic law regarded as being Statewide, the statutory regulation may not be limited in its operation to less than all the counties of the State, when that would prevent the uniform operation throughout the State that is required by the intendments of the Constitution.

The *rates* of State taxation must be equal and uniform throughout the entire State, though the *rates* of tax levies for county purposes may be different in the several counties, each county being a separate taxing unit; but the herein quoted organic provisions by necessary intendment require that all statutes regulating the *assessment* and *collection* of taxes for State and county purposes shall be general laws of uniform operation throughout all the counties of the State. Section 1 of Article IX requires a "uniform and equal rate of taxation" in each taxing unit whether State or county; and any provisions of a statute not applicable in all the counties of the State, or any action taken thereunder with reference to the assessment and collection of taxes for State and county purposes, which in operation

or effect violate the command of a "uniform and equal rate of taxation" within a taxing unit, are as much forbidden by the organic provision as are statutory provisions or practices which directly or inevitably prevent or impair the required uniformity and equality in the rate of taxation in a taxing unit whether it be the State or a county. Local laws permitting the redemption of tax sale certificates representing uncollected State and county taxes, at lower rates than those fixed by general law, may operate to violate the organic requirement of a uniform and equal rate of taxation. The same result would follow if a local statute should require redemptions at higher rates.

The Constitution contemplates that all laws for the *assessment* and *collection* of *ad valorem* taxes for State and county purposes shall be of uniform operation throughout the entire State, even though the *rate* of taxation in the several counties for county purposes be different from that in other counties but uniform and equal in the counties or taxing units severally.

Such being the policy and intent of the organic provisions respecting taxation, by necessary implication and intendment such organic provisions forbid any classification of counties in enacting regulations for the *assessment* and *collection* of taxes for State and county purposes, which includes less than all the counties, or which prevents a uniform operation throughout the State of enactments which control or in effect regulate the *assessment* or *collection* of taxes for State and county purposes. The question here is not merely one of the reeasonableness of the classification to make an enactment a general and not a local law as may be done as to some subjects of statutory regulation without violating the provisions of Section 20, Article III, of the Constitution. Nor is it a question of the validity of the classification as affording equal protection of the

laws under the Fourteenth Amendment to the Federal Constitution. Any enactment covering less than the entire State and relating to the collection of taxes for State and county purposes, may, in its operation and effect, be a violation of the provisions of the State Constitution which require a uniform and equal rate of taxation and forbid local or special laws for the *assessment* and *collection* of taxes for State and county purposes, which organic provisions by intendment require laws on such subjects to be of uniform operation throughout the entire State; and as a consequence, if so violative of the organic law, such an enactment is inoperative.

The Constitution contemplates that statutes regulating the assessment and collection of taxes for State and county purposes shall be general and of uniform operation throughout every county in the State since State taxation is Statewide in its scope and county taxes must be collected upon the principles established for State taxation, and Section 20 of Article III of the Constitution forbids local or special laws for the assessment and collection of taxes for State and county purposes. A classification for statutory regulations of the assessment and collection of State and county taxes which embraces less than all the counties of the State, necessarily conflicts with the intent and purpose of the organic provisions and principles respecting State and county taxation. In view of the prescribed organic system for State and county taxation, there appears to be no permissible classification of counties by population or otherwise for statutory regulations which directly affect the assessment or the collection of taxes for State and county purposes.

The collection of taxes includes the receipt by the tax collector of the amounts assessed when they become due and payable, the sale by the tax collector of property as-

.sessed when taxes are not duly paid, and the redemption and sale through the clerks of the Circuit Court of tax sale certificates held by the State before the two-year period expires. While under the statute after the expiration of the redemption period of two years, the title to lands covered by tax sale certificates held by the State, vests in the State, and the certificates are evidence of the State's title, and the State may by statute make such disposition of the certificates as may best serve the interests affected, yet the statutes provide that those having stated rights in the land may redeem the tax sale certificates at any time while the State holds them upon paying the required amounts which cover the taxes assessed against the land and such interest, costs and charges are fixed by law; and the proceeds of such redemptions, made after two years from the date of the certificates, are required to be applied in the same way as are tax collections and as are the proceeds from tax sale redemptions within two years are required to be applied. The statutes also provide for the sale of tax sale certificates held by the clerks of the Circuit Court for the State after as well as before the expiration of the two-year period of redemption upon the payment of the taxes, etc., as required by the statute; and the proceeds of such sales are required to be applied as the tax collections would have been applied. Thus the statutes in effect make the proceeds collected by the clerks' of the Circuit Court for the State from sales and redemptions of tax sale certificates held by the clerks for the State after the redemption period of two years has expired, a part of the system enacted for the collection of State and county taxes; and of course statutes regulating the subject must be Statewide in· their operation since the subject is one that does not admit of classifications of a portion of the counties of the State even if local or special

laws on that subject were not expressly forbidden by Section 20 of Article III, Constitution.

General statutes making the sale and redemption of tax sale certificates held by the State after two years from their date, a part of the statutory system for collecting State and county taxes, by applying the proceeds of such sales and redemptions as tax collections would have been applied, is not inconsistent with the authority of the Legislature to regulate the disposition of tax sale certificates held by the State after the two-year period of redemption, so as to conserve the interests of the State and the rights of those having any justiciable rights in the tax sale certificates, since the State thereby controls its own rights and protects the interests of its subdivisions and their creditors who may have had rights in the proceeds of tax collections had they been made in due course. See State, *ex rel.* v. Butts, 111 Fla. 630, 149 So. 746.

Even if regulations contained in Chapter 16282 for the redemptions of tax sale certificates held by the State for unpaid taxes for the year 1931 and prior years, may be regarded not as a part of the collection of taxes for State and county purposes, but as prescribing the method of disposing of the State's intangible property rights in such tax sale certificates after the two-year redemption period has expired, the statute operates in only a portion of the counties and purports to authorize the disposition of State property for considerations that are determined at the unlimited discretion of the county commissioners in particular counties, which is an attempt to unlawfully delegate legislative powers in the disposition of State property in which all the people of the State have an interest, if it does not also in effect cause unjust discrimination among the counties and destroy the uniformity and equality required by

the Constitution in matters having relation to taxation for State and county purposes.

It is not necessary to determine whether Chapter 16282 does not violate Section 16, Article III, of the Constitution in that the title and body of the Act contain provisions respecting the redemption of municipal as well as State and county tax sale certificates. The Constitution makes municipal governmental matters a distinct subject of legislation. Section 8, Article VIII. Nor do we consider whether the Act is not a local law purporting to regulate the duties of a class of county offices in violation of Sections 20 and 21, Article III, of the Constitution. See Knight v. Board, 102 Fla. 922, 136 So. 631.

The resolutions of the Board of County Commissioners, adopted pursuant to Chapter 16282, state that a 45% discount shall be allowed for the redemption of "all State-owned tax certificates * * * and except such portions of such taxes included therein as was levied for State purposes and school operating purposes." But the Act itself is here considered and it purports to allow the county commissioners to determine the redemption rates for the State's part and all other interests in the tax certificates, and it is here held that such authority may not be conferred upon the county commissioners at least by a law that does not operate uniformly and equally in every county of the State.

Chapter 16282, Acts of 1933, by its terms and legal effect is inconsistent with and therefore violates the taxation provisions of the State Constitution and is inoperative.

The motion to quash the alternative writ is granted.

Davis, C. J., and Ellis, Terrell and Buford, J. J., concur.