STATE, *ex rel.* J. R. MAYO, as Chairman Board of County Commissioners, Calhoun County, *et al.,* v. J. M. LEE, as Comptroller, etc.

STATE, *ex rel.* F. C. PHILIPS, as Chairman Board of County Commissioners, Liberty County, *et al.,* v. J. M. LEE, as Comptroller, etc.

177 So. 876.

En Banc.

Opinion Filed October 6, 1937.

*Marion B. Knight, John D. Trammell* and *Robert W. Robertson,* for Relators;

*J. Velma Keen* and *A. Frank O'Kelley, Jr.,* for Respondent;

*Pleus, Williams & Pleus,* as *Amici Curiae.*

TERRELL, J.—These are companion cases to State of Florida, *ex rel.* O. J. Harrell, *et al.,* as Board of County Commissioners of Washington County, ·v. Fred P. Cone, J. M. Lee and W. V. Knott, *et al.,* as State Board of Administration, decided this date. The factual situation is no different except that a different basis of classification is attempted. Chapter 17042, Acts of 1935, applies to counties of not less than 8,300 and not more than 8,400 and Chapter

17034, Acts of 1935, applies to counties of not less than 3,850 and not more than 3,000. Both Acts divert the funds accruing to Calhoun and Liberty Counties under Chapter 15659, Acts of 1931, to the county road and bridge fund for construction within the county of State roads which have been designated by law as being part of the first, second, or third preferential system of State Roads.

It is contended that both Acts are violative of Section Twenty-one of Article Three of the Constitution because they are local or special laws and notice of intention to apply therefor was not given.

It is apparently admitted that proof of publication was not given. Under all our decisions on this point, any Act based on such a narrow margin of classification would be held invalid for lack of any reasonable or just basis to support it.

Constitutional validity, however, as we have frequently said, is determined by practical operation and effect on the subject affected. Considered from this standpoint, the ground of classification is so narrow that no county but Calhoun is embraced in Chapter 17042 and no county but Liberty is embraced in Chapter 17034. In other respects, these Acts operate on and affect Calhoun and Liberty Counties in the same manner that Chapter 17967, Acts of 1937, which was upheld in the companion case of State of Florida, *ex rel.* O. J. Harrell, *et al.,* as Board of County Commissioners of Washington County, v. Fred P. Cone, J. M. Lee, W. V. Knott, *et al.,* as State Board of Administration, decided this date, affects Washington County. There is no difference whatever in the operation and effect of the Acts. In Chapter 17967, the county affected (Washington) was named, while in the instant case, the county affected (Calhoun) was as definitely designated by the attempted classi-

fication. The Act involved in the instant case more meticulously directed the fund to the purpose of its creation.

For these reasons we are of the opinion that both Chapters 17042 and 17034, Acts of 1935, should be upheld. They are no different whatever in effect from Chapter 17967, Acts of 1937, Chapter 17972, Acts of 1937, and other Acts which we have upheld in this series of cases. The attempted classification was superfluous and neither the letter or spirit of the Constitution will be violated to ignore it and uphold the Act. It is one of the first duties of a court to search out theories on which Acts can be upheld if reasonably possible to do so.

All other questions raised are similar to and are concluded by what we said in the companion case of State of Florida, *ex rel.* O. J. Harrell, *et al.*, as Board of County Commissioners of Washington County, v. Fred P. Cone, J. M. Lee, and W. V. Knott, *et al.*, as State Board of Administration, decided this date, Justices ELLIS, BROWN and BUFORD hold the Acts bad.

The motion to quash the alternative writ is accordingly denied.

It is so ordered.

WHITFIELD and CHAPMAN, J. J., concur.

ELLIS, C. J., and BROWN and BUFORD, J. J., dissent.