STATE, *ex rel.* JOHN B. WHITE, v. JAMES W. FOLEY, as Chairman of the County Commissioners of Polk County, *et al.*

182 So. 195.

Division B.

Opinion Filed May 26, 1938.

Rehearing Denied June 9, 1938.

*Willson & Martin,* for Relator;

*W. D. Wilson,* for Respondents.

WHITFIELD, P. J.—In mandamus proceedings, the relator, a County Tax Assessor, seeks to have his annual compensation for past and present services paid under Chapter 11954, Acts of 1927, Section 2864, *et seq.,* Compiled General Laws of Florida, the general laws fixing the compensation of County Officers, rather than under Chapter 16925, Acts of 1935, which prescribes a smaller annual compensation in counties between 70,000 and 140,000 population, according to the last preceding State or Federal Census.

The respondents filed a demurrer to the alternative writ and an answer. Relator moved for a peremptory writ notwithstanding the answer.

Not deciding, but assuming on a *prima facie* showing that the relator has a right to maintain this action, grounds of the demurrer going to the merits will be briefly discussed.

Section 20, Article III, of the State Constitution, commands that no special or local laws shall be passed "regulating the fees of officers of the State and County," and Section 21, Article III, commands that such laws "shall be general and of uniform operation throughout the State." Such organic commands do not forbid the enactment of general statutes within permissible classifications as to area or otherwise where classifications are not expressly or impliedly forbidden by the Constitution but the statutory classifications must be reasonable and based upon appreciable differences relating to the subject matter regulated, and the effect of the regulations must in law justify the practicable application of the calssifications as they are enacted. Anderson v. Board of Public Instructions, *et al.,* 102 Fla. 695, 136 So. 334. Some subjects of legislation cannot, consistently with the intendments of the Constitu-

tion, be so classified as to embrace less than the entire State, *e. g.* legislative subjects affecting the principles of State Taxation, e. g. Chapter 16282, Acts of 1933; State, *ex rel.*, v. O'Quinn, 114 Fla. 222, 154 So. 166.

When classifications of subjects for statutory regulations may be made under the Constitution their legality, if challenged, is to be judicially determined upon appropriate consideration of the controlling law, the conditions affected by the statutory regulations, and the object sought to be accomplished by the enactments.

The Constitution expressly requires statutory regulations of the *fees* of County officers to be "general and of uniform operation throughout the State," and statutes affecting such fees by regulating the compensation of county officers under Section 6, Article VIII, of the Constitution, should accord with such organic provision.

As regulated by the statutes the fees of county officers have relation to the character, the value, and the responsibility of the service rendered; and not to the population of the counties; and the fees prescribed are uniform and universal throughout the entire State. Such uniformity and universality of the fixed fees of county officers was observed in the general statutes that have been enacted on that subject. See State, *ex rel.* Buford, v. Shepard, 84 Fla. 206, 93 So. 667, and Flood v. State, *ex rel.* Board of County Commissioners, 100 Fla. 70, 129 So. 861, where the Statutes are cited.

Under previous general laws above referred to, where the compensation of county officers is derived from fees, county officers in every county of the state retained the net fees collected by them each year up to a stated maximum as his annual compensation. That was general and uniform operation of the law throughout the State. Classification of counties by population alone is not sufficient

basis for fixing the annual compensation for county officers who receive fees. State, *ex rel.* Buford, v. Shepard, *supra;* State v. Watkins, 88 Fla. 392, 102 So. 347; Flood v. State, *supra;* Latham v. Hawkins, 121 Fla. 324, 163 So. 709, Manatee County v. Davison, decided during the present term. While it may be permissible under the Constitution to so classify the entire State by counties in fixing the maximum compensation of county officers from the fees received annually, Chapter 16925, Acts of 1935, provides a classification based on population, which includes only one county under the State Census of 1935, the classification being counties between 70,000 and 140,000 population.

The single county in the designated class, by the last State Census (1935), had a population of 82,184 while the next lower county had 64,638 population, and the next higher county had 159,208 population.

*Fees* of officers are not fixed according to population and no reasonable basis is suggested for limiting the compensation of a county officer in one county as a class at $4800.00 per annum, while in the next county not in the classification the county officer may under the general statute receive $7500.00 where the entire state is not divided into classes but one county alone is thus classified. The classification in this case is not permitted by the Constitution. See State, *ex rel.* Cohen, v. O'Neal, *et al.,* 99 Fla. 1053, 128 So. 489; Reh. Den., 100 Fla. 1277, 131 So. 165; Jordan v. State, 100 Fla. 94, 129 So. 747; Stripling v. Thomas, 101 Fla. 1015, 132 So. 824; Latham v. Hawkins, *supra;* State, *ex rel.,* v. O'Quinn, *supra;* Knight v. Board of Public Instructions, 102 Fla. 922, 136 So. 631; and see also State, *ex rel.,* v. Stoutamire, sheriff, decided at this term.

This is not a case in which the regulation of the subject may be by general law or by special or local law as the

Legislature may determine; in which case a wide latitude is accorded the Legislature in making classifications to enact a general law.

Chapter 16925, Acts of 1935, is invalid from its enactment; but the relator acquiesced in its operation by making the reports required by the Act, by submitting his salary as $4800.00 to the Budget Commission, by paying a filing fee based on the salary allowed him by this statute, when he was a candidate for the office, and by accepting compensation under this statute since its enactment, prior to the institution of this mandamus proceeding, thereby waiving *pro tanto* his rights under the general law regulating his compensation. See State v. Messerly, 198 Mo. 351, 95 S. W. 913; Saylor v. Trotter, *et al.,* 148 Tenn. 359, 255 S. W. 590, Reh. 257 S. W. 93; 12 C. J. 770.

The portion of the alternative writ demanding the higher rate of compensation for the years prior to the institution of this action, does not conform with the last paragraph of this opinion, and the demurrer to the alternative writ, must, for that reason, be sustained.

In the case of State, *ex rel.,* v. Foley, 160 So. 522, 118 Fla. 885, this Court recognized the rule that a plea of estoppel, waiver, or laches is ineffective as to unsettled current or future accounts: the second headnote being:

"In mandamus proceeding by Polk County tax collector to enforce right to compensation under general statutes, on ground that bill applicable solely to Polk County, under provisions of which tax collector had been remunerated, never became law, plea of estoppel, waiver, or laches held ineffective as to unsettled current or future accounts, since laches, waiver, or estoppel cannot permanently bind officers to follow course of past official conduct in contravention of applicable general law, nor give effect of permanently enforceable statute to bill which was never properly passed."

The demurrer to the alternative writ is sustained with leave to amend if so desired.

ELLIS, C. J., TERRELL, and CHAPMAN, J. J., concur.

BROWN and BUFORD, J. J., dissent.

BUFORD, J. (dissenting).—I do not think relator is precluded by estoppel to have the compensation due him under valid statutes paid to him—see Masters v. State, 100 Fla. 1660, 131 So. 723; O'Brien v. Wheelock, 184 U. S. 450, 46 L. Ed. 636. Davis v. Butler, 128 Miss. 847, 91 So. 279. So I think demurrer to alternative writ should be overruled.

BROWN, J., concurs.

## On Rehearing

PER CURIAM.—On consideration of petition for rehearing, it is found that there is some confusion in the minds of counsel as to the proper interpretation of our opinion filed herein May 26, 1938.

It is clear to us that a proper construction of that opinion leads to the conclusion that petitioner is entitled to be reimbursed in an amount equal to the amount ($600.00) expended and budgeted for office expense in the year 1936 and to be paid his salary for 1937 under the provisions of the general statutes. Such is our construction.

So the petition for rehearing is denied and peremptory writ shall issue.

WHITFIELD, TERRELL, BROWN, BUFORD, and CHAPMAN, J. J., concur.