STATE OF FLORIDA on Relation of O. RAYMOND ELLARS, v. THE BOARD OF COUNTY COMMISSIONERS OF ORANGE COUNTY, FLORIDA, and J. ROLFE DAVIS, as Chairman of Said Board, *et al.*

3 So (2nd) 360
En Banc
Opinion Filed May 27, 1941
Rehearing Denied July 8, 1941

*George Palmer Garrett,* for Appellant;
*Campbell Thornal,* for Appellees.

BUFORD, J.—On appeal we review judgment of circuit court quashing alternative writ of mandamus and awarding judgment in favor of respondent.

Mandamus was invoked to coerce the payment to County Solicitor of Orange County, Florida, relator here, the salary provided by Chapter 17858, Acts of 1937, which relator claimed to be entitled to receive because the 1940 Federal census showed Orange County to have grown into the population bracket or

classification within the purview and provisions of the Act.

The pertinent part of the Act is as follows:

' "Section 1. In all counties of the State of Florida having a population of not less than Seventy (70,000) thousand nor more than One Hundred (100,000) Thousand according to the last preceding State or Federal census, whichever may be the later, the compensation of all county solicitors of Criminal Courts of Record, in lieu of all other compensations, shall be paid at a salary of Forty-Two Hundred ($4200.00) Dollars per annum, payable in twelve monthly installments of Three Hundred and Fifty ($350.00) Dollars per month to be paid by the County."

Sections 24 to 27, inclusive, of Article V of our Constitution are as follows:

"Section 24. There shall be established in the County of Escambia, and upon application of a majority of the registered voters in such other counties as the Legislature may deem expedient, a Criminal Court of Record, and there shall be one judge for each of the said courts, who shall be appointed by the Governor and confirmed by the Senate, who shall hold his office for four years and whose salary shall be one thousand dollars a year, the counties paying the salaries."

"Section 25. The said Courts shall have jurisdiction of all criminal cases not capital which shall arise in said counties respectively."

"Section 26. There shall be six terms of said courts in each year."

"Section 27. There shall be for each of said Courts a prosecuting attorney, who shall be appointed by the Governor and confirmed by the Senate, and who shall

hold his office for four years. His compensation shall be fixed by law."

So the Constitution established one Criminal Court of Record and authorized the Legislature to establish others at will. The Constitution contemplated that such courts might be established one at a time in counties without regard to population, area or location, and therefore, it left the matter of fixing compensation in each case to the action and wisdom of the Legislature. The above quoted provision of the Constitution eliminated legislation fixing compensation for county solicitors from the provisions of Sections 20 and 21 of Article III of the Constitution.

In Weinberger v. Board of Public Instruction of St. Johns County, 95 Fla. 470, 112 Sou. 253, we said:

"The principle is well established that where the Constitution expressly provides the manner of doing a thing, it impliedly forbids its being done in a substantially different manner. Even though the Constitution does not in terms prohibit the doing of a thing in another manner, the fact that it has prescribed the manner in which the thing shall be done is itself a prohibition against a different manner of doing it. Holland v. State, 15 Fla. 455, text 523. See also Grantham v. Board of Public Instruction, 77 Fla. 540, 82 South. Rep. 52. Therefore, when the Constitution prescribes the manner of doing an act, the manner prescribed is exclusive, and it is beyond the power of the Legislature to enact a statute that would defeat the purpose of the constitutional provision. State ex rel. Murphy v. Barnes, 24 Fla. 29, 3 South. Rep. 433; State ex rel. Church v. Yeats, 74 Fla. 509, 77 So. Rep. 262; Leonard v. Franklin, 84 Fla. 402, 93 South. Rep. 688. See also Cooley's Const. Lim. (7th Ed.),

p. 114; Coleman v. Town of Eutah, 47 South. Rep. 703; 5 Texas 418; District Township v. Dubuque, 7 Iowa 262. 'Every word of a State Constitution should be given its intended meaning and effect, and essential provision of a Constitution are to be regarded as mandatory.' Crawford v. Gilchrist, 64 Fla. 41, 59 South. Rep. 963; Ann. Cas. 1914-B 916. See also 12 C. J. 707, 740; 19 Cyc. 23."

The Acts establishing the several criminal courts of record were not special or local Acts within the purview of Sections 20 and 21 of Article III of the Constitution and any provision which may have been effectively included in the original Act may be as effectively and legally included in a subsequent Act repealing or superseding provisions of the original Act. See State, *ex rel.* Donham v. Yancy, 123 Mo. 391, 27 S. W. 380, and cases there cited. Waterman, *et al.,* v. Hawkins, 75 Ark. 120, 86 S. W. 844.

So it is that while the provisions of Chapter 17858, *supra,* applied only to Polk County when enacted, it was then valid as to Polk County and became applicable and valid as to other counties as they came into the population classification.

This case is not ruled by the opinion and judgment in the case of State *ex rel.* Cohen v. O'Neal, 99 Fla. 1053, 128 Sou. 489, 100 Fla. 1277, 131 Sou. 165, because in that case we were dealing with a statute which attempted to fix compensation for a clerk to be paid in part by fees.

Aside from the above stated conclusion, we are not convinced that if the subject matter were held to fall within the purview of Sec. 20 of Article III that the classification is not so founded on reason as to sustain it as a general law. This is true because the Act

must be read *in pari materia* with other Acts dealing with the same subject matter.

When this is done we find that counties having a population of not less than 40,000 and not more than 50,000 were lifted out of the provisions of the general law by Chapter 16932, Acts of 1935, but there are now no counties in that bracket having criminal courts of record, though there was one (Orange) when the Act became a law. At that time there were no counties having a population of between 50,000 and 70,000 which had a criminal court of record and, strange to say, none now having a criminal court of record now fall within that bracket. Counties having a population of more than 70,000 and not more than 100,000 were lifted out of the provisions of the general law by Chapter 17858, *supra,* in 1937, at which time only one county (Polk) which had a criminal court of record was in that bracket, but now four counties fall within it. Neither at that time nor according to the last census did any county having not less than 100,000 and not more than 150,000 population have a criminal court of record. By Chapter 17860, Acts of 1937, counties having not less than 150,000 and not more than 170,000 population and having a criminal court of record were lifted out of the operation of the general law. Hillsborough was the only applicable county within the bracket. Now Hillsborough has grown out of that bracket and has grown into the bracket of counties having a population of more than 180,000. This bracket of counties was lifted out of the provisions of the general law by Chapter 17861, Acts of 1937. At the time of its passage only Duval and Dade Counties came within the purview of the Act and there were then no counties having a population between

170,000 and 180,000 which also had a criminal court of record. When these Acts are read together they reflect the law just the same as if they had all been included in one general Act and we find that those counties in which criminal courts of record have been established and as to which the applicable census showed them to have a population of more than 40,000, have been classified according to population in several brackets. Such statutes are general laws. See State *ex rel.* Buford v. Daniel, 87 Fla. 270, 99 So. 804, and cases there cited. Also State *ex rel.* Buford v. Smith, 88 Fla. 161, 101 Sou. 350.

The rule is well settled that, "Within reasonable limits, the Legislature may classify counties for governmental purposes according to population or otherwise for the purpose of enactment of general laws, and where a proper and reasonable classification is made according to population or otherwise, such Act will nevertheless be regarded as a general law and not as a special or local law, *even though the result be an Act whose operation is confined to a single county falling between two specified populations."* Anderson v. Board of Public Instruction for Hillsborough County, 102 Fla. 695, 136 Sou. 334. See also State *ex rel.* Harrell v. Cone, 130 Fla. 158, 177 Sou. 854; Waybright v. Duval County (1940) 142 Fla. 875, 196 Sou. 430; White v. Foley, 132 Fla. 595, 182 Sou. 195, State *ex rel.* Mayo v. Lee, 130 Fla. 214, 177 Sou. 876.

It appears that some of the counties having criminal courts of record and coming within the purview of the so-called population statutes are operating under special legislative Acts. The question of the validity of those Acts is not before us and the validity of none

of them is intended to be determined in this opinion and judgment.

We hold that Chapter 17858, Acts of 1937, is a valid legislative Act; that the office of the County Solicitor of the Criminal Court of Orange County falls within the purview of that Act. Therefore, the judgment is reversed and the cause remanded with directions that further proceedings be had not inconsistent with the views herein expressed.

It is so ordered.

BROWN, C. J., WHITFIELD, TERRELL and ADAMS, J. J., concur.

CHAPMAN and THOMAS, J. J., dissent.

BROWN, C. J. (concurring).—As I understand this opinion, the real decision here does not involve any ruling upon compensation of county officers where based upon fees. So there is no conflict here with Sec. 20, Art. III, of the Constitution.

PER CURIAM.—The petition of appellees for rehearing and re-argument of this cause has been carefully considered. We are of the opinion nevertheless that the original opinion in this cause filed May 27, 1941, should be adhered to and said petition should be denied.

It is so ordered.

WHITFIELD, TERRELL, BUFORD and ADAMS, J. J., concur.

BROWN, C. J., CHAPMAN and THOMAS, J. J., dissent.

CHAPMAN, J. (dissenting).—I am unable to reconcile the conclusion reached and expressed by the majority opinion in the case at bar with the conclusions and previous holdings of this Court in: State *ex rel.*

Baker v. Gray, 133 Fla. 23, 182 So. 620; State *ex rel.* White v. Foley, 132 Fla. 895, 182 So. 195; State *ex rel.* Cohen v. O'Neal, 99 Fla. 1053, 128 So. 489, 100 Fla. 1277, 131 So. 165; State *ex rel.* Buford v. Shepard, 84 Fla. 206, 93 So. 667; State *ex rel.* Loftin v. McMillan, 55 Fla. 246, 45 So. 882.

I think a rehearing should be granted and the holdings in the cases *supra* clearly distinguished from the holding in the case at bar, if it is possible so to do.

THOMAS, J., concurs.

BROWN, C. J., concurs in conclusion that rehearing should be granted.