**BEN L. DAVIS, as Supervisor of Registration of Escambia County, Florida, v. STATE OF FLORIDA ex rel. R. A. CROMWELL.**

23 So. (2nd) 85                                          June Term, 1945
July 27, 1945                                                    En Banc
Rehearing denied Sept. 10, 1945.

*A Morley Darby, J. Tom Watson,* Attorney General, and *D. Fred McMullen,* Assistant Attorney General, for Appellant.

*John M. Coe,* for appellee.

BUFORD, J.

The appeal brings for review judgment in mandamus proceedings which was as follows:

"WHEREAS, it has been made to appear by the petition of the State of Florida, on the relation of R. A. Cromwell, that said Relator is a citizen, resident and qualified elector of Escambia County, Florida, and resides in Precinct No. 13 of said county, and had at all times herein mentioned resided in said state for a period of more than one year, and in the said county for a period of more than six months last past, and was and is entitled upon proper registration to vote in all elections for public officers of said county and state, and elective officers of the United States to be elected from such political subdivisions.

"That Honorable Ben L. Davis is the duly appointed, qualified and acting Supervisor of Registration of Escambia County, Florida, and as such has custody of the primary and general election registration books of said county, and under the law said books were and are open at all times herein stated for the registration of electors at his office in the court house of said county.

"That on December 28, 1944 relator, desiring to register as such elector, affiliated with the Democratic Party, personally appeared in the office of said Supervisor of Registration, and offered to be duly sworn and to give to the said Supervisor the facts and information required by Section 102.21, Florida Statutes, 1941, and to make the oath therein provided for, and to perform all other conditions precedent to a valid registration as a Democratic elector of said County and State, but the said Respondent refused to accept the said information, take the said oath, and register relator, solely because he was a negro person of African descent.

"AND WHEREAS alternative writ of mandamus commanding the performance by the Respondent of the duties hereinafter enumerated has issued and been served, and re-

spondent has appeared and shown no cause of law or fact why said duties should not be performed, and all issues of law and fact tendered by the respondent have been determined after full hearing in favor of relator; and he has made proof of all facts and qualifications to entitle him to the registration sought.

"NOW, THEREFORE, these are to command you that you Ben L. Davis as Supervisor of Registration of Escambia County, Florida, that you do forthwith proceed to perform the duties imposed upon you by law, and accept the information and oath of relator and cause him to be registered as a Democratic Elector of Escambia County, Florida, and furnish him with a certificate thereof.

"DONE, ORDERED AND ADJUDGED at Pensacola, Escambia County, Florida, this the 10th day of February, A. D., 1945."

It is first contended that the order of the court quoted above is insufficient as a final judgment because the judgment failed in terms to quash the alternative writ of mandamus or to award or deny a peremptory writ. We think the contention is without merit. If the judgment was not a final judgment, then appellant would be required to suffer a dismissal of his appeal. If it was a final judgment which would support the appeal, then it was a final judgment for all purposes contemplated by it.

It is next contended that chapter 17399, Acts of 1935, is invalid because it is a special or local law in conflict with sections 20 and 21 of Article III of the Constitution. This contention must be overruled on authority of the case of State ex rel. Ellars, v. Board of Commissioners of Orange County, 147 Fla. 278, 3 So. (2nd) 360, and cases there cited.

The controlling question which is sought to be adjudicated here is stated by the appellant as follows:

"Question No. 11.

"Where a negro person of African descent, who is otherwise a qualified elector under the laws of Florida, desires to be registered as such elector affiliated with the Democratic Party, appears at the office of the Supervisor of Registration

in Escambia County, Florida, and offers to comply with all of the requirements of Section 102.21, Florida Statutes Annotated, and requests that he be registered as such an elector on the registration books of such county, and the State Democratic Executive Committee of Florida has resolved that the terms and conditions of which legal electors shall be declared and taken as proper members of the Democratic Party of Florida shall be 'White Persons', is such a negro person entitled to be registered as a Democratic Elector on such books provided such books are open for such purpose under the law?'

We think this question is put at rest adversely to the contention of the appellant by the opinion and judgment of the Supreme Court of the United States in the case of Smith v. Allwright, Election Judge, et al., 321 U. S. Rep. 649, 64 Sup. Ct. 759, 88 L. Ed. 1987, 151 A.L.R. 1110.

Other questions presented have been considered but are held to be without merit and there appears to be no necessity of discussing them.

The appellant has filed here a motion to strike from the brief of the appellee the word "unconscientious" because such word is an unnecessary and "an offensive personality" and violates (Sec. II) paragraph 5 of Rules governing the conduct of attorneys. We think that the purpose of (Sec. II) paragraph 5 was to prohibit the indulgence by attorneys in the practice of using offensive language and indulging in uncomplimentary personalities when referring to opposing counsel, for which reason the motion to strike is granted.

The judgment is affirmed.

TERRELL, BROWN and ADAMS, JJ., concur.

CHAPMAN, C. J., THOMAS and SEBRING, JJ., agree to conclusion.

THOMAS, concurring specially:

I agree to the conclusion because the principal question, whether relator was entitled to registration, must concededly be answered in the affirmative. In his brief the Attorney General says: "To be candid, we must admit that under Smith

v. Allwright, *supra,* [321 U. S. 649, 64 S. Ct. 757, 88 L Ed. 987] the question posed here should be answered in the affirmative."