O’CONNELL, Justice.
The appellant E. G. Musleh, who is the elected prosecuting attorney of the County Judge’s Court of Marion County, sought a declaratory decree that Section 2, ch. 61-1595, Laws of Florida, 1961, is invalid and asking the chancellor to construe Section 3, ch. 57-1066, Laws of Florida, 1957, to entitle him to the compensation provided by F.S. Sections 125.04 and 125.041, F.S.A. In his decree the chancellor held ch. 61-1595 to be valid giving this court jurisdiction of this appeal.
The 1915 Legislature, by ch. 7057, a local law, authorized the Board of County Commissioners of Marion County to employ an attorney to prosecute persons charged with crime in the County Judge’s Court of the county, such employed prosecutor to be paid compensation as agreed upon by the Board.
In 1957 the Legislature enacted ch. 57-1066, a local act, establishing the office of county prosecuting attorney in Marion County, the office to be filled by election for a term of four years and to be paid compensation as determined by the Board of County Commissioners.
Then in 1961 another local act was passed, ch. 61-1595, which insofar as pertinent here amended the compensation section of ch. 57-1066 by prescribing that the elected county prosecuting attorney be paid an annual salary of $6,500 and authorizing the Board of County Commissioners to pay up to $1,200 for secretarial help for the prosecutor.
F.S. Sections 125.03 and 125.04, F.S.A., enacted in 1925 as ch. 10206, require the Board of County Commissioners in each county not having a county court or court of record with criminal jurisdiction to employ a prosecuting attorney for the county judge’s court and provide that such prosecutor shall receive a salary of not less than *170 $300.00 nor more than $600.00 per annum, plus the same conviction fees paid the prosecutor in county courts. Section 34.11 prescribes the fees to be paid the latter prosecutor. Section 125.041 provides for payment to the prosecuting attorney of a ■percentage of the amount of appearance bonds estreated by the court, except in four counties excluded therefrom in the statute.
The appellant was elected as county prosecuting attorney in November 1960 and again in November 1964. Although his present term commenced in January 1965 by the terms of his complaint we are concerned only with appellant’s compensation after July 1, 1965. Appellant feels that he is entitled to be compensated by fees provided in Sections 125.04 and 125.041 rather than by the salary provisions of ch. 61-1595.
Here we should note that appellant states, and appellee does not deny, that there are elected prosecutors provided by local act in Holmes, Leon, Levy, Okaloosa, Santa Rosa, and Walton counties. So it cannot be said that the officer involved here is a class of one.
The appellant contends here, as he did before the chancellor, that Section 2, ch. 61-1595, providing a $6,500 annual salary and authorizing the Board to pay up to $1,-200 compensation for secretarial help is invalid because it is a local law regulating the compensation of a county officer and is neither of uniform operation throughout the state nor consistent with general laws relating to compensation of such officers. For these reasons appellant says the statute violates Sections 20, 21 and 27, Article III, Florida Constitution, F.S.A.
We think appellant is correct. In Strickland v. Leon County, Fla.1963, 159 So.2d 213, we held invalid a similar act involving an identical officer because it violated Sections 20 and 21, Article III, of our constitution. Also see State ex rel. Cohen v. O’Neal, 1930, 99 Fla. 1053, 128 So. 489; Latham v. Hawkins, 1935, 121 Fla. 324, 163 So. 709; Manatee County v. Davidson, 1938, 132 Fla. 295, 181 So. 889; State ex rel. White v. Foley, 1938, 132 Fla. 595, 182 So. 195; and State ex rel. Baker v. Gray, 1938, 133 Fla. 23, 182 So. 620, all holding that local acts dealing with compensation of county officers violate the constitutional prohibition against local acts “regulating the fees of officers of the State and county.” Section 20, Article III, Florida Constitution.
Because he held ch. 61-1595 to be valid the chancellor felt it unnecessary to consider the validity of ch. 57-1066. Having concluded the 1961 statute to be invalid we must consider the 1957 one.
Ch. 57-1066 established the elective office of prosecutor, subject to referendum, provided that the prosecutor would receive such compensation as the board of county commissioners would determine, and repealed ch. 7057, the 1915 local act which provided for an employed prosecutor.
Appellant contends, appellee concedes, and we hold that the compensation section of the 1957 act is invalid because it violates Section 27, Article III, Florida Constitution which requires that the legislature fix the compensation of state and county officers.
The next question is whether the remainder of the 1957 act can be left standing. We do not think so.
The familiar rule is that the remainder of a statute will be left intact and operative if it produces a workable result and if it can reasonably be said that the legislature would have adopted the remainder without that which is stricken. This cannot be said here. To strike the invalid compensation section and leave operative the sections creating the elective office and prescribing the duties thereof would not produce a workable result. On the contrary it would produce a situation in which there would be an office with no provision for compensation, a result clearly not intended by the legislature.
*171 Appellant urges that this dilemma can be solved by construing in pari materia those portions of ch. 57-1066 which establish the office of prosecutor with F.S. Sections 125.-04 and 125.041, F.S.A., which fix the method of compensating employed prosecutors. But this cannot be done. These latter sections were clearly intended to apply only to prosecutors employed under F.S. Section 125.03, F.S.A.
We therefore have no alternative but to declare ch. 57-1066 invalid in its entirety.
We do not have before us for decision the question of whether the employed prosecutor authorized in ch. 7057, the 1915 local act, and in F.S. Section 125.03, F.S.A. is an officer required to be elected by the people or appointed by the governor pursuant to Section 27, Article III, Florida Constitution.
For the reasons above expressed the decree appealed from is reversed.
THORNAL, C. J., THOMAS and DREW, JJ., and SACK, Circuit Judge, concur.
ERVIN, J., dissents with opinion.
CALDWELL, J., dissents.